BROCK *vs.* THE STATE. .

1. On the trial of an indictment for arson, after the State has proved the burning of the house as charged, and offered evidence tending to show that the defendant was the person who set fire to it, evidence showing that another house belonging to the prosecutor was subsequently burned, is irrelevant and inadmissible ; nor is it made relevant by being offered in connection with proof of defendant's declaration, made after the first but before the second burning, that he was not yet done with the prosecutor, especially when the declaration is shown to have been made in a conversation, in which "no reference was made to either of the burnings, but the parties were speaking of a civil case which defendant had before the prosecutor as a justice of the peace, and in which defendant complained the prosecutor had treated him rascally."

2. When female relatives of the defendant, whose evidence is material to his defence, are examined on his behalf at the trial, they cannot be impeached by proof that they were present at the examination before the committing magistrate, and were not then examined as witnesses, although the same evidence was then adduced against him as upon the trial.

ERROR to the Circuit Court of Talladega.
Tried before the Hon. ROBERT DOUGHERTY.

JEFFERSON BROCK, the plaintiff in error, was indicted at the March term, 1854, of the Circuit Court of Shelby, for arson ; the charge being, that he " wilfully set fire to and burned an out-house of John A. Griffin." On his application the venue was changed to Talladega, where he was tried at the Fall term, 1854, and convicted, and sentenced to three years' confinement in the penitentiary. He excepted to several rulings of the court during the progress of the trial, which are thus stated in the bill of exceptions :

" The State, having proved that a house belonging to one Griffin, which was filled with oats at the time, had been burned about midnight on or about the 21st August, 1853, and having introduced evidence tending to show that defendant had set fire to it,—proposed to prove by a witness that another house belonging to said Griffin had been burned subsequent to the burning of said out-house for which defendant is charged in this indictment. To the introduction of this evidence defendant objected, because it was illegal and irrelevant ;

whereupon the State offered this evidence in connection with evidence of a conversation had by this witness with the defendant, between the first and the second burning, in which conversation defendant said, that he was not yet done with . Griffin. The witness stated, that in this conversation not a word was said in reference to the burnings, or either of them, . but they were speaking of a civil case which defendant had in a justice's court in April before, and in which defendant complained that Griffin, as justice of the peace, had treated him rascally. In this connection the court allowed said evidence to go to the jury, and the defendant excepted.

"The defendant introduced his mother as a witness, who testified, that she was quite sick on the night when Griffin's out-house was burnt, and did not go to bed or sleep that night ; that defendant was at her house on that night, and went to bed early, and did not leave the house that night. The State then offered to prove by this witness, that she was present when defendant was tried before the committing court upon this charge ; that the evidence for .the State, upon that trial, was the same that it is upon this ; that she knew the same facts at that time that she now deposed to ; and that she was not examined as a witness on said trial before the committing court. The defendant objected to this evidence, as being illegal and irrelevant ; but his objection was overruled, and the evidence admitted, and defendant excepted.

"The defendant introduced another witness, who was his sister, for the purpose, among other things, of proving that one Allen, the State's witness, had told her before defendant was indicted, that if he was prosecuted by defendant's brother for stealing bacon, he would swear the burning of Griffin's out-house on defendant ; which she did, the proper predicate being laid, and said Allen having denied, on his cross-examination as a witness for the State on this trial, ever making any such statement. The State then proved by this same witness, on cross-examination, that she was present when defendant was tried before the committing court ; that said Allen, who was then a witness, proved in substance the same things that he had on this trial ; that she was examined as a witness at the same time, and did not testify as to said contradictory statement of Allen. To the making of this proof

by the State, on the ground that it was illegal and irrelevant, the defendant objected ; but the court overruled the objection, and admitted the evidence, and defendant excepted."

The rulings of the court are now severally assigned for error.

MORGAN & MARTIN, for the plaintiff in error.

M. A. BALDWIN, Attorney General, *contra*.

CHILTON, C. J.—1. There is no connection whatever between the offence for which the prisoner was charged, and the declaration that "he was not done with Griffin yet," made afterwards. On the contrary, the evidence shows that no allusion was made to the burning, but to judicial proceedings had before Griffin as a justice of the peace. Neither is there any evidence connecting the prisoner with the subsequent burning. These facts, being disconnected, independent circumstances, afforded no fair or reasonable inference tending to establish the guilt of the prisoner in respect of the charge upon which he was tried. A presumption is a *probable* inference which our common sense enables us to draw from circumstances usually occurring in such cases—an act of reasoning, by which the existence of one fact is *inferred* from the existence of other facts which are *known*. In the case before us, no presumption of guilt can be indulged as deducible from the prisoner's declaration, and from the second burning, without first *assuming* that such declaration had reference to the first burning, as an implied admission of the prisoner's guilty agency in it, and as evidence of his intention to repeat the offence in future. This assumption cannot be indulged, especially in the face of the testimony, which strongly tends to point the declarations to a different matter. There is, therefore, no known fact, or premise, furnished by the proof objected to, from which a reasonable and fair inference can be drawn. Hence we are of opinion, the proof was improperly admitted.

2. We are further of the opinion, that the court erred in permitting the State to prove, as a means of impeaching the mother and sister of the prisoner, who were examined as witnesses on his behalf, that the same proof was given against the prisoner before the committing magistrate that was made upon the trial,—that they were both present and were not

examined; it appearing that their testimony was material to his defence. Although related to the prisoner, they were not bound, at the hazard of being impeached, to thrust themselves as witnesses upon the court. The known delicacy of the sex usually makes them shrink from examinations of the kind, and no inference prejudicial to their veracity could be legitimately indulged from their failing to volunteer as witnesses before the magistrate. A presumption that they had sworn falsely, predicated upon the circumstance that they were not sworn before the examining magistrate, is too strained and far-fetched to be allowed.

Let the judgment be reversed, and the cause remanded.