# Moore v. The State.

### Indictment for Perjury.

1. *Oath of jury; what recital sufficient.* — A recital in the judgment-entry that the jury was "duly sworn according to law to try the issue joined," &c., sufficiently shows that the oath prescribed by the statute was administered.

2. *Challenger; what proof of appointment of, sufficient.* — The fact that a person acted as a challenger at an election and was recognized as such by the managers, other officials, and the people, is, as regards third persons and the public, *primâ facie* evidence of his authority, and dispenses with the production of a commission; therefore it is not error to allow a witness to testify that he was a challenger and acted as such after receiving oral notice of his appointment from the sheriff.

3. *Perjury; what essential to conviction for, under election law.* — However recklessly the defendant may have taken the oath required of persons challenged, under the election law, there can be no conviction for perjury if the oath is true in point of fact.

4. *Same; what not defence, but may be mitigation for.* — Not voting, after taking the false oath, is no ground for acquittal, but may be urged in mitigation of punishment.

APPEAL from City Court of Eufaula.

Tried before Hon. ALPHEUS BAKER.

The appellant, Willis Moore, offering to vote at a general election held in Barbour county, Nov. 3, 1874, was duly challenged, and thereupon he took the oath prescribed by law before one of the challengers, that he was a duly qualified elector. Moore, on the ground that he was a minor at the time of taking the oath, was indicted for perjury.

On the trial, to show the authority of the person administering the oath, the State introduced the challengers. They were permitted, against the objection and exception of the defendant, to state that they were challengers; that they knew it from the fact that the sheriff verbally notified each of them of his

[Moore *v*. State.]

appointment before the election. One of them testified that he saw the appointments published in the newspaper. It was also shown that the persons thus notified by the sheriff acted as challengers, and were recognized as such by the election officers and people, and that one of them challenged the defendant and administered the oath on which the perjury was assigned.

The State introduced proof that about a year before the election defendant had made a written affidavit before a magistrate that he was under eighteen years of age, to avoid paying a city street tax. Other witnesses for the State testified to facts tending to show that defendant lacked a year of reaching his majority when the oath was taken.

The defence introduced several witnesses, among them defendant's father, whose testimony tended to show that defendant was twenty-one years of age in October preceding the election. The defendant's father testified that he took the affidavit which his son had made to avoid the street tax, and tore it up, informing him " that he had got it down wrong." It was also shown that defendant, after he was challenged and had taken the oath, left the polls without voting, on the advice of his father, who told him "he wished to study about the matter, as there seemed to be some difficulty getting up about it."

The court charged the jury, that " if they believed the defendant (although no man knows certainly of his own knowledge how old he is) honestly thought or believed when he took the alleged oath that he was twenty-one years of age, they must acquit, and they must also give him the benefit of all reasonable doubts on that point; but if they believed from the evidence that the defendant, without thus honestly believing or knowing, as people usually know it, whether he was twenty-one years of age or not, just for the purpose of getting to vote, recklessly took said oath, that then the jury may find him guilty, although, in point of fact, he was twenty-one years of age at the time he took the oath."

The defendant excepted to the giving of this charge. He then requested the following written charges : "1st. If the jury believe the defendant was twenty-one years of age at the time he took the oath, they are bound to acquit him. 2d. Although the jury believe the defendant made a false oath before the 3d of November, as to his age, yet if the oath taken on that day was true, the jury must acquit. 3d. It makes no difference how many times defendant may have sworn falsely at any other time, if the jury believe he swore truly at the time charged in the indictment, they must acquit. 4th. If the jury find from the evidence that defendant did not vote at the election at which he took the oath charged in the indictment, they

[Moore v. State.]

must acquit. 5th. That before the jury can convict the defendant (his age being the only matter in dispute as to his qualifications), they must be satisfied beyond a reasonable doubt that he was not twenty-one years of age at the time he took the oath charged in the indictment." The court refused to give either of these charges, and defendant duly excepted.

The charge given and the refusal to charge as requested are now assigned as error, as also that the record does not show that the jury was properly sworn. The recitals of the record on this point are stated in the opinion.

GOODE & TONEY, for appellant. — The oath administered to the jury was not sufficient. *Johnson* v. *The State*, 47 Ala. 9. The election law, section 34, prescribes how and by whom the challengers are to be appointed, and proof of the appointment can be made only by showing a compliance with that law. The charge of the court, however correct it may be when applied to common law perjury, was misleading and erroneous when applied to the statutory crime. Under the statute the oath must be wilfully and corruptly *false*, the facts stated must be *untrue*, before any offence is committed. If the facts sworn to existed, how can reckless swearing to them convert them into *falsehoods?*

JOHN W. A. SANFORD, Attorney General, *contra.* — The oath administered was sufficient. *Lockett* v. *The State*, 47 Ala. It was perfectly competent for the witnesses to testify that they were challengers. *Jacob* v. *United States*, 1 Brockenbrough, 520; 4 Term Reports, 366.

MANNING, J. — 1. The objection to the oath administered to the jury that tried defendant is not well taken. The record recites that they were " duly sworn according to law, to try the issue joined," &c., which is sufficient. The record does not purport to set forth the oath at length as administered.

2. There was no error in allowing the persons who acted as challengers on election day to prove that they were such, and received notice of their appointment from the sheriff, orally. A challenger receives his appointment but for a day ; the sheriff of whom he received the notice was one of the officials authorized to make the appointment; no record evidence of this is required to be kept; and if a challenger fails to attend at the polls, the inspectors can designate another person to take his place. Section 34 of " Act to regulate elections in the State of Alabama," approved April 22, 1873.

In *Jacob* v. *The United States* (1 Brock. 520), concerning the authority of a certain person, as collector of revenue, to

[Paulk v. State.]

cause a seizure of the property of a distiller, for violation of the law, Chief Justice MARSHALL, after consideration, held that proof that he had been and was acting as such officer was sufficient. " That he has acted notoriously as a public officer has been deemed," says Chief Justice MARSHALL, " *primâ facie* evidence of his character, without producing his commission or appointment."

3. The judge of the city court erred in not giving to the jury the written charges asked on behalf of defendant, and numbered 1, 2, 3, and 5, respectively. The accused was charged with perjury, and the only particular, as the evidence shows, in which his oath was impeached, was in the question of his age, whether or not on election day he was twenty-one years old. If the jury believed from the evidence that he was twenty-one years old, they should not have found him guilty upon the imagination or belief that he was recklessly swearing to what he did not know or believe. In this prosecution, he should not have been convicted, if the oath he had taken was not false in fact.

4. There was no error in refusing charge numbered 4. That defendant did not vote after taking a false oath to enable him to do so, might be considered in mitigating the penalty, but does not entitle him to a verdict of acquittal.

The judgment of the court below is reversed and the cause remanded. The prisoner will be kept in custody until discharged by due course of law.