# Smith *v.* The State.

### *Indictment for Murder.*

1. *Oath to jury; what recitals as to, sufficient.*—It is not necessary to set out the oath administered to the jury *in totidem verbis;* it is sufficient if the record recites they were duly sworn; where, however, the record purports to set out the oath that was administered, it must contain the substance of the oath required by the statute.

2. *Res gestœ; what not part of.*—Declarations made by the deceased, about ten o'clock on the morning of the day before her death, while suffer-

[Smith v. The State.]

ing with paroxysms of pain and vomiting—in answer to questions asked in the hearing of the husband—to the effect that she was taken sick while at breakfast that morning, at which she had eaten bread, are not admissible as parts of the *res gestæ*, on the trial of the husband for poisoning her. Such evidence might be received as the basis of a medical opinion, but as evidence of independent facts it is entirely inadmissible.

APPEAL from Circuit Court of Lowndes.

Tried before Hon. JAMES Q. SMITH.

The appellant was convicted and sentenced to be hung for the murder of his wife, by poisoning her.

On the trial, the State introduced a witness, who testified that "on Monday, preceding the day on which the deceased died, she went to the house of the prisoner about 10 o'clock in the morning, and found the deceased in a distressed condition, vomiting a yellow vomit, with blood; and that she had spasms and appeared to be in great suffering; that the deceased complained of great burning in her mouth, throat and stomach." The solicitor then asked the witness, when deceased said she was taken sick (the prisoner being at the time near the door, and within hearing the questions and replies.) To the asking of this question, the counsel for the prisoner objected, the objection was overruled, and he excepted. The witness then stated in answer that deceased said she was taken sick while at breakfast. This answer was objected to, the objection was overruled, and prisoner excepted. The solicitor then asked what the deceased said she had eaten for breakfast. An objection was made to this question, and the court overruling it, prisoner excepted. Witness then answered that deceased said she had eaten bread for breakfast. This answer was objected to, and an exception reserved to its admission."

The record recites that the jury "were duly empaneled and sworn to well and truly try, and true deliverance make, between the State of Alabama and John Smith, the defendant."

CLEMENTS & ENOCHS and R. M. WILLIAMSON, for appellant. —The record sets out the oath to the jury, and attempts to describe it. The oath set out is not a compliance with section 4992 of the Revised Code. 47 Ala. 50; 48 Ala. 263. There is no pretense that the declarations are admissible as dying declarations. It is not shown that there was anything in the remarks to call for a reply from the husband; and therefore the fact that he was in hearing, does not render the evidence competent. The case of *Johnson* v. *The State*, 17 Ala. 618, does not authorize the admission of this evidence as independent proof.

[Horton v. The State.]

JOHN W. A. SANFORD, Att'y Gen., *contra.*—Representations made by a sick person, of the nature, symptons and effects of the malady under which he is suffering, are admissible as original evidence. *Johnson* v. *The State*, 17 Ala. 618.

STONE, J.—We feel constrained to reverse the judgment in this case, because of the imperfect form in which the oath to the jury was administered. When the statute, Revised Code, section 4092, gives the form of an oath that is sufficient in all cases, it is matter of regret that it should be so often overlooked, or departed from. We do not assert that no other form will do. Nor do we assert that the oath must be set out *in totidem verbis.* It is enough if the record show that the jurors were duly sworn.

When, however, the record assumes or purports to set out the oath that was administered to the jury, it must contain the substance of the oath as required by the statute. See *Johnson* v. *State*, 47 Ala. 9; *Same* v. *Same, Ib.* 62; *McNeil* v. *State, Ib.* 498; *State* v. *Pile*, 5 Ala. 72; *Gardner* v. *State*, 48 Ala. 263. But see *Moore* v. *State*, 52 Ala. 424.

We do not think the declarations of the deceased, as to what she ate for breakfast, or when she became sick, were proper *res gestœ* declarations. They might have been received as the basis of a medical opinion, but as independent facts they were inadmissible. Of course, our decision is confined to the presentation of the question as shown in this record. See *Phillips* v. *Kelly*, on page 633, 29 Ala.; *Brock* v. *State*, 26 Ala. 104; 1 Phil. Ev., Cowen & Hill's & Edwards' notes, 182; 1 Greenl. Ev. § 102; *Johnson* v. *State*, 17 Ala. 618; *Liles* v. *State*, 30 Ala. 24.

Judgment of circuit court reversed, and cause remanded. Let the prisoner remain in custody until discharged by due course of law.

