# Davis *v*. The State.

### *Violating Prohibition Law.*

(Decided Nov. 21, 1911.  56 South. 844.)

1. *Indictment and Information; Surplusage; Place of Offense.*— There must be proof of venue whether averred or not, and hence, the fact that an indictment charging a violation of the prohibition law alleged that it was committed within the limits of a certain county, did not render the indictment defective, such allegations being regarded as mere surplusage.

2. *Same; Quashing; Discretion of Trial Court.*—Where an indictment appears to have been found by a legally constituted grand jury ,and to have been regularly and duly returned into open court, properly endorsed and duly filed with the clerk at the term at which it was found, the striking of the motion to quash the indictment rested in the irrevisable discretion of the trial court, and hence, constituted no error.

3. *Charge of Court; Impeaching Testimony.*—Where there is a conflict in the evidence in a criminal case, a charge asserting that if the testimony of the witness had been impeached the jury could disregard his entire evidence, unless corroborated by other testimony not impeached, was improperly refused.

APPEAL from Clarke County Court.

Heard before Hon. THOMAS W. DAVIS.

Rafe Davis was convicted of violation of the prohibition law and appeals. Reversed and remanded.

Omitting the formal charging part, the indictment is as follows: (1) Rafe Davis sold spirituous, vinous, or malt liquors, without license and contrary to law, within the limits of Clarke county, Ala. (2) Rafe Davis did manufacture or sell, or otherwise dispose of, spirituous, vinous, or malt liquors, or other intoxicating liquors, within the limits of Clarke county, Ala., without a license and contrary to law.

Motion to quash the indictment was based on the following grounds. (1)  Said indictment fails to show that it was presented to the presiding judge by the fore-

man of the grand jury, in the presence of 11 other grand jurors. (2) It fails to show how many grand jurors were present, when said indictment was returned into open court, if, in fact, it was ever so returned. (3) It fails to show that it was filed in open court in the presence of the grand jury.

T. J. BLEDSOLE, and A. S. JOHNSON, for appellant. The court erred in permitting it to be shown that the defendant had a bad reputation in his neighborhood for being a bad whisky seller. *Way v. The State,* 155 Ala. 52; *Moulton v. The State,* 88 Ala. 116; *Thompson v. The State,* 100 Ala. 70; *King v. The State,* 89 Ala. 146. The court erred in refusing to give the charge requested by the defendant. *Searight v. The State,* 160 Ala. 33; *Wynne v. The State,* 155 Ala. 98; *Churchwell v. The State,* 117 Ala. 124; *Jordan v. The State,* 81 Ala. 20.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The motion to quash the indictment was properly stricken. It was within the irrevisable discretion of the court in any event. *Williams v. The State,* 150 Ala. 84; *Stanley v. The State,* 88 Ala. 154, and cases there cited. The part of the indictment objected to may be disregarded as surplusage. The evidence of the impeached witness was corroborated by the evidence of other witnesses which was sufficient. *Shelby v. The State,* 97 Ala. 87.

DE GRAFFENRIED, J. The appellant was indicted at the spring term, 1911, of the circuit court of Clarke county, for a violation of the prohibition law.

There were two counts to the indictment, and, while each count charges specifically that the offense was committed within the limits of Clarke county, which was

unnecessary, they were not defective as counts charging a violation of the general prohibitory laws of the State. The averments referred to were not, under our Code forms of indictment, necessary; but they were harmless. There could not have been a conviction without proof of venue, whether the venue was or was not averred in the indictment.

This court held, in the case of *Mosley v. State*, 1 C. of App. 108, 56 South. 35, that granting or refusing to grant a motion to quash an indictment rests in the irrevisable discretion of the trial court, and as we are of opinion that the indictment was not subject to the demurrer interposed to it, and as it appears to have been found by a legally constituted grand jury, and to have been duly and regularly returned into court, in open court, properly indorsed by the foreman, and duly filed in open court by the clerk during the term at which it was found, the action of the trial court in striking the demurrer and the motion to quash, if erroneous, constituted no error which was prejudicial to the defendant. *Johnson v. State*, 134 Ala. 54, 32 South. 724.

The case was tried by a jury. There was evidence in the case tending to support the theory that the appellant was guilty of the offense, and there was evidence tending to support the theory that he was innocent. During the progress of the trial the appellant offered evidence tending to show that the principal witness for the State was a person whose reputation for truth and veracity was bad, and that he was unworthy of credit as a witness in a court of justice. At the conclusion of the evidence the appellant asked the court in writing to give to the jury the following charge: "I charge you, gentlemen of the jury, that if a witness' testimony has been impeached, you may disregard his testimony entirely, unless corroborated by other testimony not impeached."

[Wilson v. The State.]

The above charge is substantially a copy of a charge which the Supreme Court of Alabama, in several cases, has held applicable to a state of facts similar to the facts in the present case. *Churchwell v. State,* 117 Ala. 124, 23 South. 72; *Southern Cotton Oil Co. v. Walker,* 164 Ala. 33, 51 South. 169; *Wynne v. State.* 155 Ala. 99, 46 South. 459; *Seawright v. State,* 160 Ala. 33, 49 South. 325. It is therefore evident that, under the decisions of our Supreme Court, the trial court committeed reversible error in refusing to give the above charge to the jury.

The other questions presented by the record may not arise upon the next trial of this case, and we do not deem it necessary to discuss them.

Reversed and remanded.