## WALTERS v. STATE. (6 Div. 106.)

(Court of Appeals of Alabama. Jan. 16, 1923.)

1. Indictment and information ☞125(31)—Allegations of unlawful distilling charged a felony, and not both felony and "misdemeanor."

A count charging the unlawful manufacture, sale, gift, or possession of a still for liquor manufacture charged a felony under Acts 1919, p. 1086, § 3, assessing punishment at confinement in the penitentiary, and was not objectionable as also charging a misdemeanor, since under Code 1907, § 6756, misdemeanors are offenses not punishable by death or imprisonment in the penitentiary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Misdemeanor.]

2. Intoxicating liquors ☞238(2)—Evidence of unlawful distilling held to present jury question.

In a prosecution for illicit distilling of liquor, under Acts 1919, p. 1086, conflicting testimony tending to show participation in the operation of the still, defendant admitting his proximity to the still at the time of arrest, but denying his connection therewith, held to present a jury question.

**3. Criminal law ⊚══789(15)—Instruction to acquit unless evidence excludes every reasonable supposition but guilt improper.**

An instruction "that you should acquit this defendant, unless the evidence excludes every reasonable supposition but that of defendant's guilt," was properly refused for the use of the word "supposition."

**4. Criminal law ⊚══813—Abstract instruction properly refused.**

In a prosecution for unlawful distilling of liquor, a charge that the jury cannot find defendant guilty if they believe the evidence was properly refused as abstract.

**5. Witnesses ⊚══409—Contradiction not impeachment.**

Testimony of one witness contradicting another is not an impeachment of the witness so contradicted.

**6. Criminal law ⊚══829(1)—No error in refusing requested instructions covered by charge given.**

The refusal of a requested instruction covered by the general charge, and also by special charges given at defendant's request, is not error.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Jim Walters was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

The indictment is as follows:

"(1) The grand jury of said county charge that before the finding of this indictment, and subsequent to November 30, 1919, Jim Walters, whose name is otherwise unknown to the grand jury, did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, against the peace and dignity of the state of Alabama.

"(2) The grand jury of said county further charge that before the finding of this indictment, and subsequent to November 30, 1919, Jim Walters, whose name is otherwise unknown to the grand jury, did manufacture, sell, give away, or have in his possession a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

The following grounds of demurrer were interposed to the indictment:

"(1) That in count 2 of the indictment the grand jury seeks to charge the defendant in said count with the commission of a felony and a misdemeanor, which cannot be legally done.

"(2) That there is a misjoinder, in that the indictment charges different offenses growing out of the same transaction, said offenses being subject to different punishment.

"(3) The first count of said indictment the defendant is charged with distilling, making, or manufacturing liquors or beverages, a part of which was alcohol; said charge being a felony

under the Acts of 1919. In count 2 the indictment charges that the defendant did manufacture, sell, give away or have in his possession a still, apparatus, appliance, or device or substitute to be used for the purpose of manufacturing prohibited liquors or beverages. The defendant demurs especially to count 2 on the ground that under this count as framed the defendant could be convicted of both a felony and a misdemeanor in the same count, which is contrary to law."

The following charges were refused to defendant:

"(a) I charge you, gentlemen of the jury, that it is your duty to acquit the defendant unless the evidence excludes every reasonable supposition but that of his guilt.

"(b) I charge you, gentlemen of the jury, that you should acquit this defendant, unless the evidence excludes every reasonable supposition but that of defendant's guilt.

"(c) The court charges the jury that, if they believe the evidence in this case, they cannot find defendant guilty of distilling or making whisky."

F. F. Windham, of Tuscaloosa, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Both the first and second counts of the indictment charge felonies, the punishment in each case is the same, and the demurrers are without merit. Charges a and 7 were bad, and were properly refused. 197 Ala. 193, 72 South. 316.

BRICKEN, P. J. [1] The demurrers to the indictment were without merit, and were properly overruled. The second count of the indictment charges a felony, and does not charge a misdemeanor. as contended by appellant. Acts 1919, p. 1086. Under the laws of this state a public offense which may be punished by death or by imprisonment in the penitentiary is defined to be a felony. All other public offenses are called misdemeanors. Code 1907, § 6756.

The second count of the indictment against this defendant charged the violation of the act approved September 30, 1919 (Acts 1919, p. 1086), said count being framed under said act. Section 3 of said act provides that any person—who shall violate any provision of this act shall be guilty of a felony, and upon conviction thereof shall be punished by confinement at hard labor in the penitentiary for not less than one year or longer than five years, the punishment to be fixed by the court within these limits. It follows, therefore, that counsel for appellant is in error in his insistence that the second count of the indictment charged a misdemeanor, and not a felony.

On the trial of this case it was the contention of the state that this defendant, with another, was caught in the act of distilling whisky in Tuscaloosa county, Ala., and within the time covered by the indictment. And the state offered and examined several witnesses whose testimony tended to sustain this contention. The defendant, while admitting his close proximity to the still (which was in operation) at the time of his arrest, insisted that he had nothing whatever to do with the operation of the still and of the making of the whisky which the undisputed testimony shows was running from the still at the time the posse of officers made the raid and arrested the defendant.

[2] This and other testimony adduced upon the trial of this case presented a question for the jury to determine, and, while there were several exceptions reserved to the rulings of the court upon the admission of testimony, these exceptions are so clearly and wholly free from error we shall not discuss them. There is not a single question presented in this connection which admits of any doubt as to the correctness and fairness by the court in all of these rulings. Certainly it cannot be seriously insisted that any of these rulings contained error that in any manner injuriously affected the substantial rights of the defendant.

[3] Refused charges (a) and (7) were identical, and bad, and have been expressly so held in the case of Smith v. State, 197 Ala. 193 (15), 72 South. 316. In Smith's Case, supra, the court in speaking upon this identical charge said:

"The charge was properly refused, for the use of the word 'supposition.' All cases in this state, holding that the refusal of such a charge is erroneous, are hereby overruled."

[4, 5] Charge (c) was abstract, and therefore properly refused. No effort was made during the trial to impeach the witness Luke Curry. A mere contradiction of one witness by another is not an impeachment of the witness so contradicted.

As hereinabove stated, there was a material conflict in the testimony making it a jury question; it follows that the affirmative charge (f) was therefore properly refused.

[6] Refused charge 1 was fully covered, not only by the oral charge, but also by the charges given at request of defendant, notably, given charge 1, which is in the exact words of said refused charge. Its refusal was not error.

No error appears in any ruling of the court nor in the record. The judgment appealed from is affirmed.

Affirmed.