(96 South. 891)

## COFFEE COUNTY v. MARSH. (4 Div. 26.)

(Supreme Court of Alabama. June 7, 1923.)

1. **Appeal and error** ⬅️1048(5)—**Overruling objection to question harmless where question was afterwards modified before answer.**

It might be held that there was no reversible error in overruling a general objection to a question, because it was not answered; it, after the overruling of the objection and before answer, having been eked out by additional words of the interrogator, and the objection not having been renewed.

2. **Evidence** ⬅️130—**Tax adjuster's valuation under agreement with owner not res inter alios acta in condemnation proceeding by county.**

The tax adjuster representing the county as well as the state, his valuation, under agreement with owner, of land the year before proceeding by the county to condemn part of it, is not in such proceeding open to objection of being res inter alios acta.

3. **Evidence** ⬅️555—**Hypothesis in question to witness held supported by evidence.**

Property being taxed at 60 per cent. of its value, and M., the owner of land sought to be

condemned, having testified that the value placed on it the year before by the tax adjuster under agreement with him was $30 an acre, the hypothesis, in a question to another witness, that "M. had an agreement with the tax adjuster on a $50 valuation" (meaning $50 an acre). had support in the evidence.

**4. Evidence ⬦558(9)—Witness may be cross-examined as to grounds of opinion and degree of conviction.**

On cross-examination of a witness, the grounds of his opinion as to value and the degree of conviction with which it was entertained may be inquired into.

**5. Eminent domain ⬦262(5)—Refusal to exclude answer held not appreciably injurious.**

Any error in refusal to exclude answer, "I don't know; I think, if I had been the tax adjuster, I would have agreed with him on it," of witness who, having testified in the condemnation proceedings that the value of M.'s land sought to be condemned was $35 to $40 an acre, was asked on cross-examination, "If you knew that M. had an agreement with the tax adjuster on a $50 valuation (for taxation for the previous year), would that change your idea of the value of that land in any way?" *held* not appreciably injurious.

**6. Evidence ⬦474(9)—No error in admitting opinion that new fencing would be required.**

There was no error in admitting testimony, in proceeding to condemn a right of way for a road through defendant's land, that the road would require defendant to build two miles of fence; witness testifying to his familiarity with the land, the proposed location of the road, the arrangement of defendant's buildings with reference to the old and new roads, and generally to the reasons for his opinion that new fencing would be required.

**7. Appeal and error ⬦248—Reservation of exceptions to rulings necessary.**

Rulings cannot be reviewed where exceptions were not reserved thereto.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

Condemnation proceedings by Coffee County against lands of J. M. Marsh. From the judgment, petitioner appeals. Affirmed.

W. W. Sanders, of Elba, for appellant.

Counsel argues the questions raised, but without citing authorities.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellee.

Where there is no exception to a ruling, there is nothing to review. Wade v. Killen, 200 Ala. 212, 75 South. 970.

SAYRE, J. The appeal is from the judgment of the circuit court—to which the proceeding went by appeal—condemning a right of way for a public highway through the lands of appellee. Errors assigned relate to rulings on the admission of evidence touching the measure of damages.

[1, 2] Appellant assigns for error the ruling by which appellee's attorney was allowed to ask appellee as a witness: "What value was placed on the Law and Weeks lands that year?" Appellee owned the Law and Weeks, lands, and the proposed highway passed over and through them. The inquiry, as appears from the context, referred to the tax adjuster's valuation for the year before the proceeding to condemn. Our ruling that there was no reversible error might be put upon the ground that the question was not answered; this for the reason that, after appellant's objection, formulated in terms of utmost generality, had been overruled, the question was eked out by the suggestion, "Just what you and he agreed to?" but the objection was not renewed. However, the argument here is that the tax adjuster's valuation was res inter alios acta. Assuming that the answer to the question in its amended form was favorable to appellee's contention as to value—which, upon the whole record, may well be doubted—it may be that the valuation by the tax adjuster in the performance of his sworn duty was competent as in the nature of an admission by the state and county; but, whether so or not, the adjuster represented the county as well as the state and the agreement between him and appellee was not res inter alios acta.

[3-5] W. J. Brown, a witness for appellant, testified that appellee's land taken for the highway was worth $35 to $40 per acre. On cross-examination the court allowed the following question:

"Now if you knew that Mr. Marsh had an agreement with the tax adjuster on a $50 valuation" (meaning $50 per acre) "on his land out there and no lawsuit, would that change your idea of the value of that land any way?"

The argument for error is that there was no proof that Marsh had an agreement with the tax adjuster for a $50 valuation and that the fact hypothesized is no safe criterion of value. In answer to the question which we have considered in the first place above, Marsh had said, to state the matter briefly, that the agreed value placed on most of his land in the tract through which the road would pass was about $30 an acre; at least, we cannot say that the trial court did not properly so understand the witness. Property is taxed at 60 per cent. of its value, but appellee was due to receive the full value of his property taken. There was then evidence to sustain the hypothesis. As for the other objection, appellee was entitled to inquire into the grounds of the witness' opinion as to value and the degree of conviction with which it was entertained, and in our opinion the allowance on cross-examination of the question at issue did not constitute reversible error. Moreover, the witness answered, "I don't know; I think, if I had

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been the tax adjuster, I would have agreed with him on it," and the court's refusal to exclude this answer is assigned for error. Appellant's comment on this testimony is a sufficient answer to the charge of reversible error. It is:

"What the witness thought about what the tax adjuster should or should not have done was wholly immaterial and irrelevant."

If there was error in the refusal to exclude, it worked no appreciable injury and cannot be made the basis of a reversal.

[6] Appellee was permitted to ask his witness Horace Crabtree, in effect, whether the new road would require appellee to build new fences, and the answer, "Yes, to fence off this land there it would take some two miles of fencing, if I understand it just right," was allowed to remain with the jury. The witness testified to his familiarity with appellee's land, the proposed location of the new road, the arrangement of appellee's houses with reference to the old and the new roads, and, in general, the reasons for his opinion that new fencing would be required. There was no error in admitting his testimony.

[7] Enough to say of assignments of error 4, 5, and 6 that no exceptions were reserved against the rulings indicated, and for this reason they cannot be reviewed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.