(101 So. 70)

WHITEHEAD v. STATE. (4 Div. 916.)

(Court of Appeals of Alabama. June 24, 1924.)

1. Criminal law ⟂693—Objection not interposed until question answered comes too late.

Where an objection is not interposed to a question until after it is answered, it comes too late.

2. Criminal law ⟂364(1)—Declarations held admissible as part of res gestæ.

Where defendant was found at a still, evidence that he was ordered by sheriff to hold up his hands and said not to shoot was relevant as part of res gestæ.

3. Criminal law ⟂363—Declarations connected with an act and unconsciously made are admissible as part of res gestæ.

Declarations connected with an act and unconsciously made, as if spontaneous from attendant circumstances, are admissible as part of res gestæ.

4. Criminal law ⟂1054(1)—Rulings of trial court on admission of evidence not reviewed, where no exception reserved.

Rulings of trial court on admission of evidence in liquor prosecution, by which defendant offered to prove that, while employed in hunting hogs, he came upon the still, would not be reviewed, where no exception was reserved.

5. Criminal law ⟂829(1)—Refusal of defendant's charge covered by given charge held not erroneous.

Refusal of defendant's requested charge, which was covered by given charge, was not erroneous.

6. Criminal law ⟂789(15)—Instruction on sufficiency of evidence to sustain conviction held properly refused.

Defendant's requested instruction that evidence which merely raised a suspicion as to defendant's guilt was insufficient, and that proof was insufficient if his conduct was upon a reasonable supposition consistent with his innocence, was properly refused because of faulty use of the word "supposition."

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

John Whitehead was convicted of violating the prohibition law, and appeals. Affirmed.

Charge 5, refused to defendant, is as follows:

"(5) The court charges the jury that evidence which merely raises a surmise or suspicion as to defendant's guilt is insufficient to sustain a conviction under the well-established rule of law that the proof is insufficient if the conduct of the accused is, upon a reasonable supposition, consistent with his innocence."

W. O. Long, of Abbeville, for appellant.

Charge 5, requested by defendant, should have been given. Guin v. State, 19 Ala. App. ·67, 94 South. 788.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge 5 is bad for the use of the word supposition. Walters v. State, 19 Ala. App. ·92, 95 South. 207.

FOSTER, J. The appellant, defendant in the court below, was convicted for manufacturing prohibited liquors and having in his possession a still to be used for manufacturing prohibited liquors.

The defendant was found working at a still from which whisky was dripping. He was ·cutting wood and piling it around the still, ·daubing the trough; the still had a big fire around it, and was full of beer.

The defendant denied any interest in or ·control of the still, denied working at it or making any liquor, said he was there looking for hogs. The good character of the defendant was proven.

[1] H. S. Maddox, a witness for the state, testified that he was sheriff of Henry county and arrested the defendant, that "when I raised up on him I told him to hands up and he said, 'Don't shoot me,' and backed off." The defendant moved ·to exclude the answer. Where objection is not interposed to the question, it comes too late after the question is answered. Downey v. State, 115 Ala. 108, 22 South. 479.

[2, 3] The evidence was relevant as part of the res gestæ. Declarations connected with an act and unconsciously made as if spontaneous from the attendant circumstances are admissible as part of res gestæ. Smith v. State, 53 Ala. 486; Jackson v. State, 53 Ala. 472. 1 Mayf. Dig. p. 774, par. 3; Laws v. State, 209 Ala. 174, 95 South. 819.

[4] Frank Owens, a witness for the defendant, testified that the evening before the still was found he saw the defendant and several others in the woods sawing, and the defendant asked, "Did you have any conversation that evening with the defendant about some hogs supposed to be over there in the place where they found the still?" The court sustained the objection by the state to the question. The defendant offered to prove by the witness and others that Owens had employed defendant that day to go the next day to hunt for hogs, and that while hunting hogs he came on this still. The court sustained objection by the state to the testimony offered. There was no exception reserved by the defendant. Rulings of trial courts on admission of evidence will not be reviewed, where no exception was reserved. Coffee County v. Marsh, 209 Ala. 566, 96 South. 891; Henderson v. State, 19 Ala. App. 80, 95 South. 57.

[5] Charge 3 refused to defendant is covered by given charge 1.

[6] Charge 5 was faulty for the use of the word "supposition." Smith v. State, 197 Ala. 193, 72 South. 816; Walters v. State, 19 Ala. App. 92, 95 South. 207.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.