141 So. 914

DENSMORE v. STATE.

6 Div. 263.

Court of Appeals of Alabama.
May 17, 1932.

Pennington & Tweedy, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The defendant and his brother were indicted jointly and charged with the unlawful manufacture of whisky and the unlawful possession of a still, etc. Severance was demanded, and this defendant is alone being tried. On the trial the sole and only eyewitness to the crime charged and to the participation therein was Deputy Willis, whose testimony made out a complete case for the state under both counts of the indictment. No arrests were made at the time the still was raided; it being testified to that the two parties at the still outran the two officers making the raid and "got away." The still was raided on November 19, 1930, and no arrests were made until indictment was returned March 26, 1931. Willis admitted that he expected to be paid the $50 fee provided by law, on conviction of defendant. The defendant's defense was an alibi.

This made the issues simple. The undisputed evidence proved the corpus delicti as to both counts of the indictment; i. e., the possession of the still by two parties and the manufacture of whisky by them.

All of the facts incident to the finding of the still and everything that took place there and at that time connected with the possession was a part of the res gestæ. For instance, it was relevant to prove that both of the parties at the still ran, and that this defendant was pursued by Willis, and that the other was pursued by Elliott, the other deputy. It was also relevant, in corroboration of Willis, to prove that Willis and two others returned to the still during the afternoon of the same day and found the still intact. However, the destruction of the still by the officers in the afternoon when Willis returned to the place with them was irrelevant, but how this evidence could be prejudicial to defendant is not made to appear by the record.

The witness Willis testified that Elliott, the other deputy with him on the raid, was not present at court, and this witness voluntarily added: "He got killed." The defendant thereupon made a motion for the discharge of the jury and for a mistrial. The court excluded the statement: "He got killed," with this statement: "I will overrule the motion, but I will exclude that, and gentlemen of the jury, don't consider the fact that Mr. Elliott was killed, in considering this case; it is not a part of this case, I exclude it from you, and I want you now to be sure not to let that enter into the deliberations in considering this case at all; it is no part of this case." In this ruling the court did not err. There are times when the injection of irrelevant and inflammatory statements by witnesses during the progress of a trial may justify, may demand, the granting of a motion for a new trial, but, where such statements are made, and the trial court promptly and emphatically places the stamp of disapproval upon them, the trial court will not be put in error, unless it clearly appears that the harm has not been eradicated.

Refused charge 4 is abstract. No single witness testified to the bad character of the witness Willis.

The evidence for the state tending to connect the defendant with the crime charged consisted of the testimony of state's witness Willis. There were several impeaching circumstances regarding his testimony, in addition to the many witnesses who testified to the alibi of defendant. If there is a reasonable doubt of the truth of Willis' testimony, the jury was not authorized to convict. Refused charge 16 so instructs the jury. But this charge is covered by given charge 11.

Refused charges 19 and 22 are covered by the court's oral charge.

Refused charge 23 was covered by the written charges and by the oral charge of the court.

We find no error in the record, and the judgment is affirmed.

Affirmed.