50 So.2d 9

## WILLIAMS v. SCHWABACHER.

### 6 Div. 150.

Court of Appeals of Alabama.

Jan. 9, 1951.

Lipscomb & Brobston, of Bessemer, and D. G. Ewing, of Birmingham, for appellant.

S. P. Keith, Jr., of Birmingham, for appellee.

CARR, Judge.

This is a suit for malicious prosecution. When the plaintiff had concluded her testimony in chief, the defendant made a motion to exclude the evidence. This motion was granted, and a judgment was accordingly entered in favor of the defendant.

We will not express any opinion as to the merits of the motion. Neither will we elaborate on the propriety or regularity of this method of procedure in civil cases. Under Trial, ⚛ 158, 18 Alabama Digest, will be found a number of authorities which review this practice.

In the case at bar we are confronted with the fact that the plaintiff—appellant here— did not reserve an exception to the ruling of the court in granting the motion to exclude the evidence. This was required to invoke our review. Adams et al. v. Biddy et al., 194 Ala. 652, 69 So. 588; Coffee County v. Marsh, 209 Ala. 566, 96 So. 891; Allison v. Owens, 248 Ala. 412, 27 So.2d 785.

Attempt is made to present the question by a motion for a new trial. The authorities are committed to the doctrine that, in the absence of the requisite exception, a motion for a new trial cannot supply the omission nor serve the purpose. Smith v. Wolf, 160 Ala. 644, 49 So. 395; Thomas Bros. v. Williams, 170 Ala. 522, 54 So. 494; Bingham v. Davidson, 141 Ala. 551, 37 So. 738; McDuffie & Sons v. Weeks, 9 Ala. App. 282, 63 So. 739; McLendon v. Bush, 127 Ala. 470, 29 So. 56.

It follows that the judgment below must be affirmed. It is so ordered.

Affirmed.