191 So.2d 251

Dennis **RICHARDSON**

v.

**STATE.**

8 Div. 42.

Court of Appeals of Alabama.

Oct. 11, 1966.

**413**

David U. Patton and Byrd R. Latham, Athens, for appellant.

Richmond M. Flowers, Atty. Gen., Wm. G. O'Rear and John D. Bonham, Asst. Attys. Gen., for the State.

PRICE, Presiding Judge.

The affidavit in this case reads, in pertinent part:

"* * * one Dennis Richardson, whose name is to affiant otherwise unknown, did operate a vessell (sic) or similar device while intoxicated or under the influence of any narcotic drug, barbiturate or marijuana, upon the waterways or upon a river in Limestone County, Ala., * *."

The statute defendant is charged with having violated is subdivision (2) of Section 97(21), Title 38, Code of Alabama, 1940, (Pocket part). The offense is made a misdemeanor.

The defendant was convicted by a jury. A fine of $25.00 was imposed and the court added, as additional punishment, thirty days' imprisonment in the county jail.

According to the state's evidence, Terry Bottom, Athens' Chief of Police, and Monroe Roberts, a deputy sheriff, answered a call to investigate a disturbance at a small recreation park on the west bank of the Elk River, at the Elk River Mills Bridge in Limestone County.

Mr. Bottom testified the officers arrived at the scene at about 4 P.M. They found four or five people swimming in the park area. A boat operated by appellant was running in circles, or back and forth, forcing the swimmers out of the water. The boat came within twenty-five feet of witness, and he could tell that defendant and his companion were intoxicated. Except for short periods when it would go out of sight, the boat was in witness's view from the time he arrived until about 8 o'clock that night. At approximately 8:00 p. m., the boat came into the bank with defendant and another man pushing it in the shallow water. This was the only boat that came to the bank at that time and he saw no other boat in the area. Defendant and his companion were intoxicated. The officers arrested them

and took them to jail. The witness stated he never left the vicinity of the park from the time he arrived with Deputy Sheriff Roberts until defendant was arrested.

Deputy Sheriff Monroe Roberts testified defendant was "cussing" and yelling from his boat while it was circling in front of the park. Other boats were on the opposite side of the river. Around 4:30 the defendant's boat went out of sight up the river and did not return until after dark at which time another boat towed defendant's boat to the landing at the park. The second boat turned defendant's boat loose just short of the bank and continued up the river. When defendant and his companion got out of the boat they were arrested by witness and Terry Bottom. Defendant was drunk at the time he was arrested. This witness further stated when they reached the park area Terry Bottom let him out of the patrol car and drove away, returning at intervals to drive by the place where witness was concealed in the undergrowth and he never saw Mr. Bottom come down to the water until shortly before the arrest was made.

Mr. Gerald Campbell, a witness for defendant, testified that at approximately 6:30 on the day in question, he, with three companions, was in his boat on the Elk River at a point just South of Grigsbys' Ferry when he saw a flickering light on the West bank of the river. Upon investigation he found defendant and another man in a boat out of gasoline. Witness got into defendant's boat to assist him in pouring gas into his boat and remained in the boat to help defendant start his motor. Defendant's boat had no neutral gear and when the motor started it would go forward immediately. Witness moved to the front of the boat where the controls were located while defendant hand cranked the motor from the rear. After the motor started, witness drove the boat the approximate three miles down the river to

the landing, and the man in his boat followed. During the ride to the park defendant and his companion stayed in the rear of the boat. Upon arrival at the park witness helped push defendant's boat into the bank. If defendant had been drinking witness couldn't tell it, and he did not smell any intoxicating liquor about him.

The defendant testified he was in his boat on the river near the park at Elk River Mills Bridge at about 4:00 the afternoon in question. He denied that he was yelling, cursing or screaming and said he may have made one circle through the park, but if so, he was 150 to 200 feet out in the river from the park. About 4:30 he went up the river three miles to Sugar Creek and stayed there tending his trot lines until dusk. About 6:00 P.M., he headed back toward Elk River and entered it just below Grigsby's Ferry. As he entered the river he ran out of gas and pulled to the east bank. He had seen the Campbell boat go up the river and waited for it to come back. When the boat did come back he signaled it with his cigaret-lighter, not having a light on his boat. Campbell pulled over to defendant's boat and helped him put gasoline in his tank, operated the controls while defendant cranked the engine and then drove the boat to the landing, with Campbell's boat following behind them. At the bank Campbell got back into his own boat and continued up the river. The officers were not at the landing and did not appear for thirty minutes. He had not been drinking that day and was not making noises or swearing while in front of the park in his boat.

Mr. M. W. Evans, Sheriff of Limestone County, was called as a witness for the State in rebuttal. He testified that in his opinion defendant was drunk when he was brought into the county jail after his arrest.

The conflict in the evidence presented a question for the jury as to defend-

ant's intoxication at the time he was operating the boat, and was sufficient, if believed by the jury to the required degree, to sustain the conviction. There was no error in the refusal of the requested affirmative charge nor in the denial of the motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict.

Several special written charges were requested by the defendant and all of them were refused by the trial court.

The trial court charged the jury as follows:

"When he pleads not guilty, that casts the burden of proof upon the State because the defendant enters upon the trial clothed with the presumption of innocence and that presumption of innocence follows him throughout the trial on until it's met and overcome by legal and competent evidence. The burden of proof is upon the State to prove every essential element of this offense charged in this complaint from the evidence beyond a reasonable doubt."

■ Our cases hold that the presumption of innocence attends the defendant until it is overcome by evidence which convinces the jury of his guilt beyond a reasonable doubt. Waters v. State, 117 Ala. 108, 22 So. 490; McClain v. State, 182 Ala. 67, 62 So. 241; Osborn v. State, 30 Ala.App. 386, 6 So.2d 461; Booth v. State, 247 Ala. 600, 25 So.2d 427.

The defendant requested the court to give charges 10A and 13. These charges are as follows:

"10A. I charge you, Gentlemen, that the legal presumption of innocence is to be regarded by the jury, in every case, as a matter of evidence, to the benefit of which the accused is entitled, and, as a matter of evidence it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt.

"13. The court charges the jury that the law presumes the defendant to be innocent of the offense charged in the indictment, and this presumption continues to go in favor of the defendant until the evidence convinces the jury beyond a reasonable doubt of his guilt, and you cannot find the defendant guilty of any offense charged in the indictment until the evidence in the case satisfies you beyond all reasonable doubt of his guilt, and so long as you or any of you have a reasonable doubt as to the existence of any of the elements necessary to constitute the offense, you should not find the defendant guilty."

Our courts have approved these charges and have held their refusal error unless the same rule of law was substantially and fairly given to the jury in the court's oral charge, or other written charges. (See Gordon v. State, 268 Ala. 517, 110 So.2d 334.)

■ The court's charge here that the presumption of innocence follows the defendant "until it's met and overcome by legal and competent evidence," is not the equivalent of charging that this presumption attends the defendant "until it is overcome by evidence which convinces the jury of his guilt beyond a reasonable doubt." The defendant was entitled to have the jury so instructed. Cases supra.

■ The court's further instruction that "the burden of proof is upon the State to prove every essential element of this offense charged in this complaint from the evidence beyond reasonable doubt," is not regarded as the equivalent of a requested instruction on the presumption of innocence. See Wharton's Criminal Law and Procedure, Vol. 5, Sec. 2100, p. 271 for cases.

■ Refused Charge 8 has been held good when it refers to a specified wit-

**416**

ness. Sanderson v. State, 28 Ala.App. 216, 181 So. 506, *a witness,* Davis v. State, 2 Ala.App. 200, 56 So. 844, *Any witness,* Churchwell v. State, 117 Ala. 124, 23 So. 72. *A witness for the state,* Creel v. State, 23 Ala.App. 241, 124 So. 507. The charge here is confusing. It refers to *the witness.* Several witnesses testified on the trial. The charge was also properly refused because it is abstract. There was no evidence tending to impeach any witness. Densmore v. State, 25 Ala.App. 133, 141 So. 914. If, as contended by defendant, the two arresting officers contradicted each other on important and material points, this would not amount to impeachment. "A mere contradiction of one witness by another is not an impeachment of the witness so contradicted." Walters v. State, 19 Ala.App. 92, 95 So. 207.

Charge 2A is abstract. There was no proof of defendant's good character.

■ Refused charge 14 was held good in Arrington v. State, 24 Ala.App. 233, 133 So. 592, but there was no error in its refusal here. The court instructed the jury as follows:

"The court charges the jury that the jury must acquit the defendant unless they are convinced of his guilt beyond a reasonable doubt."

See Edwards v. State, 205 Ala. 160, 87 So. 179.

■ Charge 17 has been approved and its refusal has been held error. See Wilson v. State, 243 Ala. 1, 8 So.2d 422.

Charge 17A was fairly and substantially covered by the court's oral charge.

For the refusal of the above noted requested written charges, the judgment must and hereby is reversed and the cause remanded.

Reversed and remanded.