# Talley *v*. The State.

### *Murder.*

(Decided Jan. 18, 1912. 57 South. 445.)

1. *Jury; Empanelling; Special Venire.*—Where some of the jurymen whose names were on the special venire summoned to try a capital case, were engaged in the trial of another cause when the capital case was called for trial, the defendant cannot object to being required to begin striking the list without those names appearing thereon.

2. *Witnesses; Cross Examination.*—Where the accused testified in his own behalf he might properly be asked by direct question on cross examination as to his motive in going to the place of the homicide, since they were relevant.

3. *Appeal and Error; Harmless Error; Evidence.*—Where the defendant's answers were exculpatory and beneficial to himself he cannot complain that objection to questions calling for such answers were overruled, he having voluntarily gone on the stand to testify for himself.

4. *Trial; Taking Testimony to Jury Room; Discretion.*—It is within the discretion of the trial court whether the jury shall be allowed to take to their room a writing admitted as the testimony of an absent witness of defendant

5. *Same; Absent Witness; Showing.*—Where the court permits a showing to be made for an absent witness, its admission by the other side is not a judicial admission of the truth of the showing, but merely an agreement that such would be the testimony of the witness if present.

6. *Homicide; Instruction.*—Where the wound inflicted by the accused might or might not have caused the death of the deceased,

the defendant was subject to conviction for a felonious assault and was not entitled to a charge directing his acquittal, if the jury believed that the wound did not cause the death.

7. *Same; Defenses; Cause of Death.*—Where both the defendant and another attacked the deceased, and both of them wounded him, it would not be a defense that the wound inflicted by the defendant did not cause the death, for if the defendant inflicted a wound which promoted or hastened the death of the deceased, he might be guilty of murder.

8. *Same; Homicide; Defense of Another.*—Where one intervenes and kills in order to save another from a deadly attack, the killing is not justifiable unless the party for whom intervention was made was free from fault and could not have retreated without increasing his peril.

9. *Same; Malice Aforethought.*—The fact that one strikes a fatal blow on the impulse or the moment does not necessarily negative malice aforethought.

10. *Same; Instructions.*—Where the jury might find from the evidence that defendant was aiding, abetting or encouraging another in committing the homicide, charges assuming the contrary, are properly refused.

11. *Same; Burden of Proof; Extent.*—In a prosecution for homicide it is not required that the jury be absolutely convinced of the defendant's guilt, it being essential only that they be convinced beyond a reasonable doubt.

12. *Charge of Court; Credibility of Witnesses.*—While a jury should not capriciously disregard the testimony of any witness, they may disregard it for reasons other than that it has been impeached.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

Son Talley, alias Paul Talley, was convicted of murder in the first degree, and appeals. Affirmed.

The exceptions to evidence sufficiently appear in the opinion. The following charges were refused to the defendant: (1) "I charge you that you cannot convict the defendant in this cause, if you believe Armstead Lawler came to his death as a result of a wound inflicted by Clanny Bird." (2) "I charge you that if, from the evidence in this case, you believe beyond a reasonable doubt that there is a probability that Clanny Bird inflicted the wound upon Armstead Lawler that caused his death, and you further believe from the evidence that there was no conspiracy between Clanny

Bird and the defendant, you cannot convict the defendant for the murder by Clanny Bird." (3) "I charge you that you cannot find from the evidence in this case that Armstead Lawler came to his death as a result of a wound inflicted by the defendant in this case." (4) "I charge you that, unless you are convinced from the evidence in this case that the wound in the back of deceased was made by the defendant, and that it was one of the causes of his death, then you cannot convict the defendant." (5) "I charge you that if you believe from the evidence that Clanny Bird engaged in the difficulty with Armstead Lawler, and she was seen by this defendant while engaged in said difficulty, and this defendant on the impulse of the moment struck deceased the blow in the back in an effort to save Clanny Bird from an attack which was likely to result in her death or serious bodily harm, you cannot convict the defendant of murder in the first degree." (6) "I charge you that you will consider the evidence introduced in this cause by showing the same as though the witness were present in court, and that you cannot disregard such testimony without the same has been impeached in some manner recognized by law."

BLACK & DAVIS, for appellant. The court erred in refusing to allow the jury to take into their room with them the showing of the witness Davis. The court erred in refusing charge 3.—*Peterson v. The State,* 63 Ala. 113. The court erred in refusing to give charge 6.—*Crawford v. The State,* 44 Ala. 385; *Woolsey v. Jones,* 4 South. 190.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The motive of defendant was relevant, and when he went upon the stand to testify he subjected himself to questions

calling for his motive.—*Linehan v. The State,* 120 Ala. 293. The court put the state on a showing as to defendant's absent witnesses, and there was no error in refusing to continue.—*Terry v. The State,* 120 Ala. 287; *Walters v. The State,* 117 Ala. 108. The court properly required the defendant to strike from the venire not containing the name of the twelve jurors engaged in considering another case.—*Trammell v. The State,* 55 South. 431. There was no error in refusing the first three charges.—*Jones v. The State,* 57 South. 36. Counsel discuss the other charges, but without citation of authority.

SOMERVILLE, J.—The defendant was convicted of murder in the first degree, and sentenced to life imprisonment.

Twelve of the jurymen whose names were on the special venire were engaged in the trial of another cause when the jury was selected for the trial of defendant. Defendant objected to being required to strike without these 12 names being placed on the list. This objection was properly overruled.—See *Trammell v. State,* 1 Ala. App. 83, 55 South. 431; *Patterson v. State,* 171 Ala. 2, 54 South. 696.

Defendant testified in his own behalf, and on cross-examination the solicitor was allowed to ask him, "Why did you go to Lovett? and, "How came you to get out of the way?" The witness' motive in doing these things was relevant to the issue, and could be properly elicited by a direct question on cross-examination.—*Linnehan v. State,* 120 Ala. 293, 25 South. 6. Moreover, his answers were exculpatory and distinctly beneficial to himself. There was no error in overruling the objections to the questions or the motions to exclude the answers.

[Talley v. The State.]

Before the jury retired, defendant requested that the jury be allowed to take out with them the written showing admitted as the testimony of his witness, Helen Davis, and excepted to the court's refusal to allow it. This action was within the discretion of the trial court. —*Smith v. State,* 142 Ala. 14, 27, 39 South. 329; *Koosa v. Warten,* 158 Ala. 496, 48 South. 544.

The court refused to give six of the charges requested in writing by the defendant. The first charge was bad for two reasons: (1) Although the wound inflicted by defendant did not cause the death of the deceased, defendant might still have been convicted of a felonious assault; and (2) if the wound inflicted on deceased by defendant materially promoted or hastened his death, defendant might be guilty of murder, although the wound just previously inflicted on deceased by another assailant also could be said to have caused his death.— *Jones v. State, Infra,* 57 South. 31; *Huckabee's Case,* 159 Ala. 45, 48 South. 796. In this second aspect, the charge was highly misleading, if not actually erroneous. The second charge was properly refused for the second reason above stated.

The paper showing introduced in evidence as the testimony of Helen Davis contained statements of fact which, if true, completely established the innocence of defendant. The bill of exceptions recites that "the court allowed defendant to make a showing for said witness, which said showing is admitted by the state." The third refused charge is founded upon the idea that the state admitted the truth of the showing, and was conclusively bound thereby. We cannot so interpret this recital of the bill; for, admitting the showing was one thing, and admitting *the truth* of the showing was quite another.

[Talley v. The State.]

It is sufficiently obvious that the state merely admitted the showing as the evidence of the absent witness.

The fourth charge is faulty in not qualifying the word "convinced"; for the jury need not be absolutely convinced of defendant's guilt, but only convinced beyond a reasonable doubt. It also presented the misleading tendency condemned in the first and second charges.

The fifth charge was patently bad. The fact that defendant saw Clanny Bird engaged in a fight with deceased, and that he intervened and killed deceased, in order to save her from a deadly attack is no justification, unless she was herself free from fault in provoking the difficulty, and could not have retreated without increasing her peril. The charge fails to hypothesize these necessary elements of self-defense. Nor would the fact that defendant struck the fatal blow "on the impulse of the moment" withdraw from the act the implication of malice aforethought.

The sixth charge is erroneous; for though the jury should not capriciously disregard the testimony of any witness, they might nevertheless, in their sound discretion, disregard it for reasons other than that it has been impeached. This charge therefore invades the province of the jury in this respect, and was at least misleading in its use of the word "impeached."

From all the evidence, the jury might have inferred and found that, although the blow struck by defendant did not· cause, and was not one of the causes of, Lawler's death, defendant was nevertheless present, aiding, abetting, or encouraging the unlawful act of Clanny Bird. In assuming the contrary· to this, charges 1 and 4 were erroneous and properly refused therefor.—*Jordan v. State,* 82 Ala. 1, 2 South. 460.

We have examined all the questions presented by the record, and find no error prejudicial to the appellant.

Affirmed.

All the Justices concur, except DOWDELL, C. J., not sitting.