(100 South. 318)

### CAGLE v. STATE. (8 Div. 570.)

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 29, 1924.)

**1. Criminal law ⬤⟳600(1)—Discretionary to grant defendant continuance for absence of witnesses, or put prosecution on showing as to testimony of witnesses, if present.**

It is discretionary with the trial court to grant a continuance to defendant for absence of witnesses, or put prosecution on a showing by defendant as to what the witnesses would testify, if present.

**2. Criminal law ⬤⟳1166(7)—Denial of continuance to defendant not erroneous, unless prejudicial.**

The denial of a continuance to defendant is not erroneous, unless prejudicial.

**3. Jury ⬤⟳70(8)—Fact that regular jurors unavailable not sufficient ground for objection to list presented.**

The fact that seven regular jurymen, whose names were on the special venire, were engaged in the trial of another case, and unavailable for the list to be stricken from, is not a good ground of objection to the list presented.

**4. Homicide ⬤⟳180—Exclusion of testimony as to fear of wife to stay with' husband after homicide because of drunken condition held not erroneous.**

In a prosecution for murder, the exclusion of testimony as to whether defendant's wife was afraid to stay with him after the homicide because of his drunken condition was not erroneous; her state of mind not being relevant to the issues.

**5. Criminal law ⬤⟳490, 683(2), 1153(4)—Exclusion of question on redirect examination held discretionary and not reviewable.**

Where defendant's expert testified on direct and cross-examination that he could hardly conceive of a man drinking a certain quantity of liquor, exclusion on redirect examination of question whether he did not know of instances where men had drunk such quantity was discretionary, and not reviewable; the question being leading and not rebuttal.

**6. Criminal law ⬤⟳1044—Objection to argument of counsel not followed by motion to exclude not reviewable.**

Mere objection to argument of counsel not followed by motion to exclude from the jury is not reviewable.

**7. Homicide ⬤⟳81—Drunkenness not defense to either degree of manslaughter.**

Drunkenness may reduce the degree of the homicide from murder to manslaughter, but it is no defense as to either degree of manslaughter.

**8. Criminal law ⬤⟳815(9)—Charges predicating acquittal on reasonable doubt arising out of any part of evidence held properly refused.**

In a prosecution for murder, the refusal of requested charges predicating an acquittal on a reasonable doubt of guilt "arising out of any part of the evidence," held not erroneous.

**9. Criminal law ⬤⟳789(15)—Charges requiring acquittal, unless evidence excluded every reasonable supposition but guilt, held properly refused.**

In a prosecution for murder, the refusal of requested charges requiring acquittal of defendant, unless the evidence excluded every reasonable supposition but that of his guilt, was not erroneous.

**10. Criminal law ⬤⟳815(1)—Refusal of requested charge requiring acquittal, if jury reasonably reconciled innocence of defendant with any theory advanced by accused, held not erroneous or prejudicial.**

Charge requiring acquittal, if jury could reasonably reconcile innocence of accused with any theory advanced by him, *held* properly refused as too obscure and pretermitting belief in evidence supporting theories advanced, and its refusal not prejudicial, where instructions given were fair, full, and comprehensive.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Albert Cagle was convicted of murder in the second degree, and appeals. Affirmed.

The defendant was indicted for murder in the first degree, and interposed pleas of not guilty, and not guilty by reason of insanity. He was convicted of murder in the second degree, and sentenced to serve 35 years in the penitentiary.

The testimony tends to show that the defendant and the deceased were in the road with two other parties, by the name of Smith and Horton, and, while a dispute was going on between the deceased and defendant in which the defendant charged the deceased with taking certain liquor, and with denying that Horton had searched a car for liquor as instructed to do by the defendant, an automobile arrived, in which there were four parties by the name of Collins, Tanner, Culpepper, and Griffin; that upon the arrival of the car the' defendant leveled a gun on the driver of the car and ordered him to stop, and, after keeping the entire party under his control with the gun for some time, he shot the deceased, who died some hours thereafter; and that, after shooting the deceased, he took two of the parties away with him by the use of his gun. Thereafter defendant left the community, and was arrested in Florida.

There was evidence tending to show defendant was drinking and had been drinking at the time of the shooting; that he had been drinking heavily for some time prior to the occasion, the testimony of his wife being that he had been drinking from a quart to a half gallon of liquor a day.

Requested charges 4, 5, and 28, refused to defendant, are as follows:

"(4) If the jury, upon considering all the evidence, have a reasonable doubt of the defendant's guilt arising out of any part of the evidence, they must find the defendant not guilty."

"(5) The court charges the jury that before they can convict defendant the evidence must be so strong as to convince each juror of his guilt beyond a reasonable doubt, and, if after considering all the evidence a single juror has a reasonable doubt of defendant's guilt arising out of any part of the evidence, they cannot convict him."

"(28) It is your duty to acquit the defendant, unless the evidence excludes every reasonable supposition but that of his guilt."

Charges 28 and 33 are the same.

Proctor & Snodgrass, of Scottsboro, for appellant.

The question to defendant's wife, asking if she was afraid to stay with defendant, should have been permitted. 22 C. J. 610. Defendant was entitled to cross-examine his witness, Dr. Bridges. 12 Michie's Ala. Dig. 1249; Griffith v. State, 90 Ala. 583, 8 South. 812; White v. State, 87 Ala. 24, 5 South. 829. Argument of counsel was prejudicial to defendant. Cross v. State, 68 Ala. 476; Mitchell v. State, 18 Ala. App. 471, 93 South. 46. Charges 4 and 5 should have been given. Townsend v. State, 18 Ala. App. 242, 90 South. 58; Umble v. State, 207 Ala. 508, 93 South. 531; Rosenberg v. State, 5 Ala. App. 196, 59 South. 366; Adkins v. State, 16 Ala. App. 181, 76 South. 465; Hunt v. State, 135 Ala. 1, 33 South. 329; Russell v. State, 201 Ala. 573, 78 South. 916; Whittle v. State, 205 Ala. 639, 89 South. 43. It was error to refuse charges 11, 12, and 13. Hill v. State, 9 Ala. App. 7, 64 South. 163; Heninberg v. State, 151 Ala. 26, 43 South. 959; Charge 40 asserted a correct proposition of law, and should have been given. Sanford v. State, 143 Ala. 78, 39 South. 370.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The matter of a continuance is within the discretion of the trial court. Caldwell v. State, 203 Ala. 412, 84 South. 272. Refusal to grant a continuance because some of the jurors were out on another trial was not reversible error. Tally v. State, 174 Ala. 101, 57 South. 445. The court properly refused to allow defendant's wife to be asked whether she was afraid to stay with defendant. Kinsey v. State, 204 Ala. 180, 85 South. 519. No motion to exclude argument being made, no question is presented for review. Lambert v. State, 208 Ala. 42, 93 South. 708; Ex parte State, 210 Ala. 96, 97 South. 573. Charges 28 and 33 were properly refused. Walters v. State, 19 Ala. App. 92, 95 South. 207.

SOMERVILLE, J. [1, 2] It was within the discretion of the trial court to grant a continuance to defendant on account of the absence of some of his witnesses, or to put the prosecution on showing by defendant as to what the witnesses would testify, if present. It does not appear that the discretion was abused in this case, or that any injury resulted to defendant, and the denial of the continuance cannot be pronounced erroneous. Sanderson v. State, 168 Ala. 109, 53 South. 109; Caldwell v. State, 203 Ala. 412, 84 South. 272.

[3] Defendant's motion for a continuance because the requisite number of jurors were not present for the impaneling of the trial jury is refuted by the record, which shows that 50 jurors were qualified and placed on the list from which the jury was struck. The fact that seven of the regular jurymen, whose names were on the special venire, were engaged in the trial of another case, and not available for the list to be stricken from, was not a good ground of objection to the list presented. Talley v. State, 174 Ala. 101, 57 South. 445.

[4] Defendant's wife testified to his habits of drinking to excess, and that after he shot the deceased he came home and could not walk—being held up by his brother—and was wild; and that she spent the ensuing night at her father's. On the state's objection, defendant's question to her, "Were you afraid to stay with him?" was excluded. This was not error. Her state of mind was not relevant to any issue in the case, and proof of it was not a proper way to illustrate the extent of defendant's drunkenness or mental disturbance.

[5] Dr. Bridges, testifying as an expert for defendant, stated on direct examination that he "could hardly conceive of a man drinking from a quart to a half gallon of liquor a day," as had been hypothesized. On cross-examination he repeated that statement, and defendant's counsel, on rebuttal examination, asked him if he did not know instances where a man had drunk that much. On the state's objection, this question was excluded. The matter inquired about was not in rebuttal, and the question was leading. Its allowance was therefore discretionary with the trial judge, and its exclusion is not reviewable. Treadwell v. State, 168 Ala. 96, 53 South. 290; Barlow v. Hamilton, 151 Ala. 634, 44 South. 657; Prattville, etc., Co. v. McKinney, 178 Ala. 554, 59 South. 498. Moreover, if the witness could not conceive of such excessive drinking, it is very certain that he had never observed it.

[6] In his argument to the jury the solicitor remarked that "there are five men laid in the grave in this country to one in England today from the assassin." Defendant's counsel objected to the remark; the trial judge said it was permissible; and counsel excepted to the ruling, but made no motion to exclude the statement. The mere objection by counsel, not followed by a motion to exclude from the jury, presents no question for review on appeal, as often decided by this court. Lambert v. State, 208 Ala. 42, 93 South. 708, citing B. R. L. & P. Co. v. Gonzalez, 183 Ala. 286, 61 South. 80, Ann.

Cas. 1916A, 543, where the cases are collected, and Sharp v. State, 193 Ala. 22, 28, 69 South. 122.

Charges numbered 2, 3, 8, 16, 19, 20, 29, 37, and 41, refused to defendant, were fully and clearly covered by other given charges, or by the general oral charge.

[7] Refused charges 11, 12, 13, and 18 forbid a conviction of more than manslaughter in the second degree on a finding that defendant "was so drunk that he was incapable of forming the purpose to· do a voluntary act"; or that he "was too drunk to perform a voluntary act"; or that he "was so drunk that he was incapable of volition, incapable of voluntarily doing anything, and incapable of entertaining malice." This is not the law. Drunkenness may reduce the degree of the homicide from murder to manslaughter, but it is no defense as to either degree of manslaughter. Laws v. State, 144 Ala. 118(6), 42 South. 40; Bell v. State, 140 Ala. 57 (charge 7, p. 61), 37 South. 281. These charges were properly refused.

[8] Refused charges 4 and 5 were misleading in their predicate of an acquittal on a reasonable doubt of guilt "arising out of any part of the evidence." 4 Michie, Dig. 461, § 559 (8).

[9] Refused charges 28 and 33 were bad in requiring an acquittal of defendant, unless the evidence excluded "every reasonable supposition but that of [his] guilt." Smith v. State, 197 Ala. 193 (15), 72 South. 316; Walters v. State, 19 Ala. App. 92, 95 South. 207.

[10] Refused charge 40 required an acquittal, if the jury could "reasonably reconcile the innocence of the defendant with any theory he has advanced by evidence offered in this case." The meaning and application of this instruction is too obscure to require its giving to the jury. It is quite different from charge 16, approved in Sanford v. State, 143 Ala. 78, 82, 85, 39 South. 370. But, if we ascribe to it the meaning given it by counsel, it is clearly faulty in pretermitting any belief by the jury in the evidence supporting the respective theories advanced. In any view, however, the bases for conviction and acquittal were so fully and clearly stated by the trial judge to the jury that the refusal of such a charge as this could not have been prejudicial. The instructions were fair, full, and comprehensive, and all that defendant could reasonably expect.

We have considered every point presented by the record, and find no error for reversal of the judgment. It will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

On Rehearing.

SOMERVILLE, J. In their original brief counsel for appellant called attention to the case of Heninburg v. State, 151 Ala. 26, 43 South. 959, as supporting the principle embodied in refused charges 11, 12, 13, and 18, but we inadvertently overlooked its consideration in the opinion.

That case is opposed to our other cases, and to the uniform current of judicial opinion elsewhere, and is now expressly overruled, as to its holding that drunkenness may reduce the grade of a homicide from murder to manslaughter in the second degree. The case of Hill v. State, 9 Ala. App. 7, 64 South. 163, which cited and followed Heninburg v. State, supra, must also be disapproved.

The application for rehearing will be overruled.

All the Justices concur.