239 So.2d 323

Jack D. STOVALL

v.

STATE.

5 Div. 25.

Court of Criminal Appeals of Alabama.

Sept. 15, 1970.

Charles M. Ingrum, Opelika, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

Grand larceny (of an automobile); sentence five years.

Mrs. Parcelles parked the car at 12:45 P.M. and returned at 4:45 to find it missing. The defendant claimed alibi, i. e. that he was not in Auburn but in Anniston some 100 miles away on the day on which Mrs. Parcelles's car disappeared.

To support a motion for a continuance because of the absence of a material witness, Stovall filed the following affidavit for a showing:

"AFFIDAVIT

"TO THE HONORABLE JUDGE OF THE CIRCUIT COURT OF LEE COUNTY, ALABAMA:

"Comes now the Defendant, Jack D. Stovall and files the following affidavit.

"The Defendant offers to prove by Teresa Slaught, if present, who was duly subpoenaed by the Defendant as a witness in this cause and duly served, that he was present at her house in Anniston, Alabama, on February 12, 1969, from

12:00 Midnight until 6:00 p. m. the same day. That he left her house at about 9:00 a. m. on February 12, 1969, and that she went with him. That they went for a drive in a 1961 Chevrolet automobile owned by the Defendant's father and returned to her house at approximately 3:00 p. m. on February 12, 1969. That the Defendant was in her presence all day and that they never at any time left the city limits of Anniston, Alabama.

"Witness my hand this the 12th day of June, 1969.

"/s/Jackie Stovall
Jack D. Stovall

"FILED IN OPEN COURT THIS 12 DAY OF JUNE, 1969

"/s/ Ed E. Johnston, Jr., CLERK"

The transcript of evidence shows the following colloquy between the bench and bar:

"THE COURT: Let the record show that the defendant makes a motion for continuance of this case on the grounds that the defendant's witnesses have not yet appeared in Court. What do you say about that Mr. Young?

"MR. YOUNG: We resist it, your Honor. We have witnesses here from ninety and a hundred miles away.

"THE COURT: Did you have subpoenas issued for your witnesses?

"MR. INGRUM: Yes, sir.

"THE COURT: They were served?

"MR. INGRUM: On three of them, yes, sir.

"THE COURT: Served on three of them?

"MR. INGRUM: Yes, sir.

"THE COURT: How many witnesses from out of town did you have Mr. Young?

"MR. YOUNG: Have two.

"THE COURT: Two?

"MR. YOUNG: Yes, sir. One of them is a very busy man.

"THE COURT: Well, someone informed me that your witnesses had left Anniston early this morning.

"MR. INGRUM: That was Mr. Young's witnesses.

"MR. YOUNG: Mine are here. All except one and we're ready to proceed.

"THE COURT: Motion for continuance is respectfully overruled Mr. Ingrum.

"MR. INGRUM: We except, your Honor. Your Honor, being as our motion for continuance has been overruled, we respectfully submit to the Court that we should be allowed to make a showing because these witnesses were duly subpoenaed and not brought into Court. We could make a show of what they would say if they had been here.

"THE COURT: Have you typed up a showing?

"MR. INGRUM: Yes, sir.

"THE COURT: Affidavit form?

"MR. INGRUM: Yes, sir.

"THE COURT: Let the Court see it. This is the only one?

"MR. INGRUM: Yes, sir, that is the only one.

"THE COURT: Mr. Young.

"MR. YOUNG: Yes, sir.

"THE COURT: Let the record show that the motion of the defendant to make a showing as to what one witness would testify to is granted by the Court. All right. Mr. Ingrum, have you talked to these witnesses?

"MR. INGRUM: I have not talked to this one.

"THE COURT: Well, the motion is overruled. Now, if the lawyer had talked to her, it would be a different story.

"MR. INGRUM: Yes, sir. Well, we except to the Court's ruling.

"THE COURT: All right.

"MR. INGRUM: We'd like to renew our motion for a continuance since the witnesses are not here and since we can't make a showing.

"THE COURT: Respectfully overruled.

"MR. INGRUM: We except."

In Talley v. State, 174 Ala. 101, 57 So. 445, Headnote 5 (which is more concise than the opinion) reads:

"5. Same; Absent Witness; Showing. —Where the court permits a showing to be made for an absent witness, its admission by the other side is not a judicial admission of the truth of the showing, but merely an agreement that such would be the testimony of the witness if present."

Since the court chose to require defense counsel in effect to vouch for the contents of the affidavit, it was then incumbent on it to grant the defendant a continuance until such time as the witness could be brought in.

We have found no Alabama case which requires that the showing be taken by the jury as truth. Rather we think that the *Talley* case, supra, holds to the contrary, i. e. that the jury weighs it along with the other evidence. See also Walker v. State, 117 Ala. 85, 23 So. 670; Anno., 9 A.L.R.3d 1180.[1]

Since the use of a showing is the only way to obviate a denial of compulsory process for witnesses under Constitution 1901, § 6, the court's ruling of instant concern was error. Therefore, the judgment below is due to be reversed and the cause remanded for trial de novo.

Reversed and remanded.

[1] Funderburk v. State, 145 Ala. 661, 39 So. 672 (opinion in So.Rptr. only), holds that the State is not cut off from proving the falsity of the showing at least by testimony of witnesses other than the absent one.