Charles Everett King, appellee, was convicted of the robbery of Mike Toles. Punishment was set at fifteen years imprisonment. The conviction was reversed by the Court of Criminal Appeals and remanded to the Montgomery County Circuit Court.
Briefly stated, the evidence at trial showed that in April, 1976, Mike Toles entered a grocery store in Grady, Alabama, while its owner and a customer were allegedly being robbed by two men, one of whom carried a .22 calibre pistol. The two men ordered Toles to lie on the floor and took his billfold containing $4.00. They then left the store and fled in an automobile driven by a third man.
Later that same day, an automobile matching the description of the alleged robbers' automobile was stopped by police and searched. The driver of the automobile was the appellee, Charles King. A .22 calibre pistol was found. The three occupants of the automobile, Charles King, Donald King, and William Cline, were then arrested.
At the close of the trial, counsel for Charles King requested several written charges which were refused by the trial judge. One such charge, designated by the parties to this appeal as Charge 20, is as follows:
 "The Court charges the jury, if the jury upon considering all the evidence, has a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find the defendant not guilty."
The Court of Criminal Appeals reversed Charles King's conviction of robbery for the trial court's failure to grant designated Charge 20 or at least one of Charles King's other requested written charges concerning a reasonable doubt arising from "part of the evidence." This decision was based uponRakestraw v. State, 211 Ala. 535, 101 So. 181 (1924), in which this court approved charges similar to Charge 20 and ruled that it was error to refuse such charges.
We granted certiorari to review the alleged conflict between this decision based upon Rakestraw and the holding of this court in Cagle v. State, 211 Ala. 346, 100 So. 318 (1924).
In Cagle, released a short time before Rakestraw, this court reviewed the refusal of charges similar to Charge 20 at issue in the present case and held that such charges were "misleading in their predicate of an acquittal on a reasonable doubt of guilt `arising out of any part of the evidence,'" and were therefore properly refused. Id. at 348, 100 So. at 320.
Thus, as Judge Clark noted in speaking for the Court of Criminal Appeals, "inconsistencies" exist among the previous opinions of this court concerning the refusal of charges on reasonable doubt arising from "part of the evidence." For a further review of the way this court has dealt with such charges, see Sanford v. State, 37 Ala. App. 603, 75 So.2d 109
(1954).
Rakestraw is, as Judge Cates stated, the "last word" of this court relative to the refusal of these charges. We believe its holding to be correct, and hereby expressly overrule that portion of the Cagle decision dealing with the refusal of the charge on reasonable doubt arising from "part of the evidence." Therefore, the refused charge in the present case, considered solely by itself, is a proper charge concerning reasonable doubt.
Although requested Charge 20 and other similar written instructions at issue here state a valid proposition of law, the refusal of these charges by the trial court in the present case does not constitute prejudicial error because the principle of law expressed therein was substantially and fairly covered elsewhere in the trial court's charge *Page 1222 
to the jury. Tit. 7, § 273, Code of Alabama 1940 (§ 12-16-13, Code 1975); Kennedy v. State, 291 Ala. 62, 277 So.2d 878
(1973); Buckelew v. State, 48 Ala. App. 411, 265 So.2d 195,cert. denied, 288 Ala. 735, 265 So.2d 202, cert. denied,409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972).
A careful reading of the trial court's lengthy oral charge shows that the jury was presented with a discussion of the reasonable doubt standard as applied to the evidence generally which adequately covered the rule of law contained in Charge 20 and other similar refused instructions. The trial court informed the jury that a reasonable doubt which would justify an acquittal is a "reasonably substantial doubt arising from the evidence and remaining after a careful consideration of all of the testimony"; that if "after comparing and considering all of the evidence in the case your minds are left in such a condition that you cannot say that you have an abiding conviction to a moral certainty of the Defendant's guilt then you are not convinced beyond a reasonable doubt and it would be your duty to find the Defendant not guilty"; and further that the "jury must be satisfied with any other evidence tending to prove the Defendant's guilty connection with the charged felony beyond a reasonable doubt and to a moral certainty." It thus appears that the jury was instructed that a reasonable doubt may arise from some of the evidence when considered with the whole of it.
This case is hereby reversed and remanded to the Court of Criminal Appeals for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.