The Court of Criminal Appeals, 371 So.2d 946, reversed the defendant's conviction of murder in the first degree because the trial court refused his requested charge 27, which reads:
 "DEFENDANT'S REQUESTED CHARGE NO. 27
 "`If you have a reasonable doubt of Defendant's guilt growing out of the evidence or any part of it, you must acquit him.'" (Emphasis added.)
That court found that charge 27 was not covered in other charges given or in the court's oral charge. It reversed, citing Tillman v. State, 360 So.2d 1074 (Ala.Cr.App. 1978)cert. den., Ala. 360 So.2d 1075, as authority. We granted certiorari to review the opinion of the Court of Criminal Appeals in light of this Court's case of King v. State,356 So.2d 1220 (Ala. 1978), where this Court opined that the denial of a charge similar to charge 27 was not reversible error, "because the principle of law expressed therein was substantially and fairly covered elsewhere in the trial court's charge to the jury."
The trial judge, in the case before us, charged:
 "If after considering all the evidence in the case, you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt and it would be your duty to convict the defendant. The reasonable doubt which entitles an accused to an acquittal is not a mere fanciful, vague, conjectural, or speculative doubt, but a reasonably substantial doubt arising from the evidence and remaining after a careful consideration of the testimony such as reasonable, fair-minded and conscientious men and women would entertain under all of the circumstances. . . .
 "If after comparing and considering all of the evidence in the case your minds are left with such a condition that you cannot say you have an abiding conviction to a moral certainty of the defendant's guilt, then you are not convinced beyond a reasonable *Page 948 
doubt and the defendant would be entitled to an acquittal." (Emphasis added.)
In King v. State, this Court held that the denial of the charge was not reversible error "because the principle of law expressed therein was substantially and fairly covered elsewhere in the trial court's charge to the jury."
In King v. State, this Court recognized that there were "inconsistencies" among the previous opinions of this Court concerning the refusal of charges on reasonable doubt arising from "part of the evidence." See also Sanders v. State,37 Ala. App. 603, 75 So.2d 109 (1954). In King, this Court followedRakestraw v. State, 211 Ala. 535, 101 So. 181 (1924), and expressly overruled that portion of Cagle v. State, 211 Ala. 346,100 So. 318 (1924), dealing with the refusal of the charge on reasonable doubt arising from "part of the evidence."
The effect of King is to hold that if the trial court, in the oral charge or by the giving of requested written charges, presents to the jury "a discussion of the reasonable doubt standard as applied to the evidence generally," then the failure to give a charge similar to charge 27 is not error to reverse. Code 1975, § 12-16-13.
We can appreciate the confusion which has been caused by the "inconsistencies" between Rakestraw and Cagle. King followsRakestraw and overrules Cagle, but King applies the rule of the statute [§ 12-16-13] that although the refused charge may state a valid proposition of law, the refusal of it by the trial court will not constitute prejudicial error if the principle of law expressed therein was substantially and fairly covered elsewhere in the trial court's charge to the jury. In the present case, we find that the principle of law stated in charge 27 was substantially and fairly covered in the trial court's oral charge. The cause is due to be reversed. King,supra.
It may also be noted that the requested charge 27 is unlike the requested charge in Rakestraw, in that charge 27 concluded to acquittal on a hypothesis that justified that result without a consideration by the jury of "all the evidence." Cf. Gautneyv. State, 284 Ala. 82, 222 So.2d 175 (1969).
The requested charge in Rakestraw did not contain this deficiency. It read:
 "If after considering all the evidence in the case
you have a reasonable doubt as to the guilt of the defendant Jim Rakestraw growing out of any part of the evidence you should find him not guilty."
(Emphasis added.)
REVERSED AND REMANDED.
All the Justices concur.