We granted the writ of certiorari in this case to review the decision of the Court of Criminal Appeals which reversed defendant's conviction of assault and battery because the trial court refused to give his requested written charges one and five:
"Defendant's Requested Charge No. 1
 "I charge you, members of the jury, that any verdict you reach must be unanimous, and if any juror has a reasonable doubt of the defendant's guilt arising from all the evidence, a part of the evidence, or a lack of the evidence, then the defendant cannot be convicted." (Emphasis added).
"Defendant's Requested Charge No. 5
 "If you have a reasonable doubt of the defendant's guilt growing out of the evidence or any part of it, you must acquit him." (Emphasis added).
The appellate court found that defendant's requested charges one and five were not covered in other given written charges or in the court's oral charge. It reversed, citing Rakestraw v.State, 211 Ala. 535, 101 So. 181 (1924). We are compelled to reverse in light of King v. State, 356 So.2d 1220 (Ala. 1978) and Dillard v. State, 371 So.2d 947 (Ala. 1979).
In this case, the trial court in its oral instruction to the jury, stated, among other things, the following:
 "* * * Now, what does beyond a reasonable doubt and to a moral certainty mean? The term reasonable doubt is a substantial doubt, a real and substantial doubt that you will have in your mind as reasonable individuals after consideration of all of the evidence or based on the fact that there was a lack of evidence. That is the type of doubt that would entitle the defendant to an acquittal. The substantial doubt or reasonable doubt that we refer to is not a speculative type doubt or guessing doubt. That type of doubt would not require an acquittal of the defendant, or a conjectural type of doubt, but the doubt that would entitle the defendant to an acquittal would be a real and substantial doubt that you would arrive at from the evidence or based on the fact that there was a lack of evidence. Some judges charge juries that the doubt that is required for the reasonable doubt element could be ascertained this way, if after considering all the evidence presented, you have an abiding conviction of the guilt of the defendant, you would, in effect, be believing the defendant guilty beyond a reasonable doubt. As I said, the responsibility of proof is on the State. The proof, of course, refers to proof beyond a reasonable doubt and to a moral certainty. You might wonder what that really means. It means the same thing as beyond a reasonable doubt. If you find the defendant guilty as to a moral certainty, it would be likewise finding the defendant guilty beyond a reasonable doubt. They are legal equivalents, they are legally the same thing. Where you fail to find the State has proven the guilt of the defendant beyond a reasonable doubt and to a moral certainty, you must acquit the defendant. * * *" (Emphasis added).
In King, supra, this court recognized there were inconsistencies in previous decisions and opinions of this court concerning refusal of charges on reasonable doubt arising from "part of the evidence." See also Sanford v. State,37 Ala. App. 603, 75 So.2d 109 (1954). In King this court followedRakestraw v. State, 211 Ala. 535, 101 So. 181 (1924), and expressly overruled that portion of Cagle v. State, 211 Ala. 346,100 So. 318 (1924), covering the refusal of the charge on reasonable doubt arising from "part of the evidence." This court again in Dillard, supra, granted certiorari in light ofKing and discussed the standard to be applied to jury instructions regarding reasonable doubt.
The principle of law as stated in King, and restated inDillard, is "the refusal of it [requested jury instruction] by the trial court will not constitute prejudicial error if the principle of law expressed therein was substantially and fairly
covered *Page 925 
elsewhere in the trial court's charge to the jury." (Emphasis added.) Dillard, supra at 371 So.2d 948.
The effect of King is that, if by the oral charge or by other requested jury instructions, the jury is presented a discussion of the reasonable doubt standard as applied to the evidence in its totality, then the failure to give instructions similar to defendant's charges one and five is not error to reverse. Code 1975, § 12-16-13.
The trial court in its oral instructions to the jury discussed the reasonable doubt standard as applied to the evidence in its totality and substantially and fairly covered that standard. Therefore, we reverse the judgment of the Court of Criminal Appeals and remand to that court for decision not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.