CLARK, Retired Circuit Judge.
The only issue expressly raised by appellant is as to the refusal by the trial court of charge 19, requested in writing by defendant:
“19. The Court charges the jury that if the jury, upon considering all the evidence, has a reasonable doubt that the Defendant is guilty, .arising out of any part of the evidence, you should not convict the Defendant.”
*335 In Dillard v. State, Ala., 371 So.2d 947 (1979) and King v. State, Ala., 356 So.2d 1220 (1978), it was held that the refusal of a charge similar to charge 19 constituted reversible error, but on certiorari the Supreme Court in Dillard, v. State, Ala., 371 So.2d 947 and King v. State, Ala., 356 So.2d 1220, respectively, reversed this Court and held that the refusal of such a charge was not reversible error because the principle of law expressed therein was substantially and fairly covered elsewhere in the trial court’s charge to the jury.
In a part of its oral charge to the jury in the instant case, the court said:
“When a Defendant is placed on trial charged with the commission of a public offense the law says that he is presumed to be innocent of the offense. This Defendant enters this trial with presumption of innocence in his favor, and it is a fact which is to be considered as evidence and should not be disregarded. And this presumption of innocence remains with the Defendant during the trial until overthrown by evidence which convinces the jury of the Defendant’s guilt beyond a reasonable doubt.
“The burden of proving that the Defendant is guilty as charged rests upon the State and before a conviction can be had the State must satisfy each and every member of the jury of the Defendant’s guilt. And unless the State satisfies you of the Defendant’s guilt beyond a reasonable doubt and to a moral certainty, then the Defendant is entitled to an acquittal. If after considering all of the evidence in the case you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt and it would be your duty to convict the Defendant. On the other hand, if after considering all of the evidence in the case your minds are left in such a condition that you cannot say that you have an abiding conviction to a moral certainty of the Defendant’s guilt, then you are not convinced beyond a reasonable doubt and the Defendant would be entitled to an acquittal.”
It is readily observable that the language of the oral charge quoted above compares favorably with the language of the oral charge quoted by the Supreme Court in King, supra, and in Dillard, supra. Furthermore, in the opinion of the Supreme Court of Alabama in Dillard, supra, it is stated:
“The effect of King is to hold that if the trial court, in the oral charge or by the giving of requested written charges, presents to the jury ‘a discussion of the reasonable doubt standard as applied to the evidence generally,’ then the failure to give a charge similar to charge 27 is not error to reverse. Code 1975, § 12-16-13.”
In accordance with what was said and held by the Supreme Court of Alabama in Dillard and King, we conclude that the refusal of defendant’s charge 19 does not constitute reversible error.
Linda Faye Bennett, a seventeen-year-old girl was present at a bootlegger’s house in West End, Birmingham, Alabama, where there was much drinking, dancing and music almost all of one night in June 1976. During the course of the night, appellant was present, and some trouble commenced outside of the house with persons involved other than the appellant; appellant, who had a pistol, came in the house and fired a shot in the floor. Another patron of the establishment, John Lewis Hawkins, had a pistol; Linda Faye Bennett commenced wrestling with Hawkins; they fell to the floor at which time the pistol of Hawkins was fired once. Shortly thereafter, Hawkins heard shooting on the outside, and he started shooting out the door of the house at the defendant, who, according to some of the evidence, was firing a pistol toward the inside of the house.
After the shooting stopped, Linda Faye Bennett was noticed lying in the house with a bullet wound in her head, which proved to be fatal. The bullet was removed from her head at the autopsy and was determined to be a bullet from a .38 caliber pistol cartridge. There was evidence that the weapon being fired by defendant was a .38 cali *336 ber pistol and that the weapon being fired by Hawkins was a .22 caliber pistol.
Defendant was indicted and tried for murder in the second degree. The jury found him guilty of manslaughter in the first degree and fixed his punishment at imprisonment for eight years. He was sentenced accordingly.
There was ample evidence to justify the finding by the jury that Linda Faye Bennett was killed by a bullet from the pistol fired by defendant; that, although he was not knowingly shooting at the victim and did not intentionally kill her, he was at the time intentionally firing the pistol at another with the intention to kill him, and that the homicide was not justified on any theory of self-defense. Under such circumstances, the verdict of manslaughter in the first degree was well within the province of the jury. There is no contention to the contrary.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.