TORBERT, Chief Justice
(dissenting).
I respectfully dissent from the quashing of the writ as improvidently granted.
Code 1975, § 12--16-13, states that:
The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s general charge or in charges given at the request of parties.
Id. Defendant requested at trial that the following charge be given to the jury:
I charge you, ladies and gentlemen of the jury, that if you have a reasonable doubt of the defendant’s guilt growing out of the evidence or any part of it, you must return a verdict of not guilty. [Emphasis supplied.]
This Court held in King v. State, 356 So.2d 1220 (Ala.1978), that the refusal to give a requested jury charge substantially identical to the one involved here was not reversible error. In King, the rule of law contained in the refused charge was found to have been given to the jury in the court’s charge, /. e.:
[ A] reasonable doubt which would justify an acquittal is a “reasonably substantial doubt arising from the evidence and remaining after a careful consideration of all of the testimony”; that if “after comparing and considering all of the evidence in the case your minds are left in such a condition that you cannot say that you have an abiding conviction to a moral certainty of the Defendant’s guilt then you are not convinced beyond a reasonable doubt and it would be your duty to find the Defendant not guilty”; and further that the “jury must be satisfied with any other evidence tending to prove the Defendant’s guilty connection with the *1220 charged felony beyond a reasonable doubt and to a moral certainty.”
356 So.2d at 1222.
Dillard v. State, 371 So.2d 947 (Ala.1979), also dealt with the refusal of a charge very similar to the one requested in the case before us. This Court again held that the instruction given by the judge was a substantial statement of the rule of law contained in the charge refused. The charge given by the trial judge was as follows:
If after considering all the evidence in the case, you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt and it would be your duty to convict the defendant. The reasonable doubt which entitles an accused to an acquittal is not a mere fanciful, vague, conjectural, or speculative doubt, but a reasonably substantial doubt arising from the evidence and remaining after a careful consideration of the testimony such as reasonable, fair-minded and conscientious men and women would entertain under all of the circumstances.
If after comparing and considering all of the evidence in the case your minds are left with such a condition that you cannot say you have an abiding conviction to a moral certainty of the defendant’s guilt, then you are not convinced beyond a reasonable doubt and the defendant would be entitled to an acquittal.
371 So.2d at 947-48.
In the case before us, the trial judge stated in the portion of the jury charge pertinent to this action that:
A reasonable doubt does not mean a mere possible doubt or any imaginary doubt or any speculative kind of doubt or any fanciful doubt and a moral certainty does not mean an absolute, positive or unqualified certainty.... [A1 reasonable doubt in this case requiring an acquittal is not a vague or speculative doubt, but it must be a substantial doubt, a doubt arising from the evidence or it may arise from the lack of sufficiently satisfying evidence. It must be a doubt that reasonable and fairminded and honest people would entertain under all the facts and circumstances in this case.. . . You must be convinced beyond a reasonable doubt and to a moral certainty of this Defendant’s guilt and the evidence in the case must be clear and conclusive and there must be no reasonable theory upon which this Defendant’s innocence can be maintained.
The Court of Criminal Appeals, although it referred to both King and Dillard in its opinion, see, Pride v. State, 392 So.2d 1215 (Ala.Cr.App.1980), failed to distinguish them from the case before us. I fail to see where the charge given here falls short of those given in King and Dillard. Therefore, I dissent.
MADDOX and SHORES, JJ., concur.