Charlie Ross Barnes was indicted and convicted for robbery in the first degree in violation of Ala. Code 1975, § 13A-8-41. He was sentenced as a habitual offender to life imprisonment without parole. Two issues are raised on appeal.
 I
Barnes contends that the trial court committed reversible error by refusing the following written requested charges:
 "2. The Government has the burden of proving the guilt of the defendant beyond a reasonable doubt and to a moral certainty, and this burden remains on the Government throughout the case. The defendant is not required to prove his innocence."
". . . .
 "5. A reasonable doubt may arise not only from the evidence produced, but *Page 1275 
also from a lack of evidence. The burden is upon the Government to prove the defendant guilty beyond a reasonable doubt of every essential element of the crime charged and unless the Government does so you must find the defendant not guilty. The defendant has the right to rely upon evidence brought out on cross-examination of witnesses for the prosecution and upon evidence presented on his behalf.
 "The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.
 "Upon considering all of the evidence, or lack of evidence, if you have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence or lack of evidence, you must find the defendant not guilty.
 "If the jury views the evidence in the case as reasonably permitting either of two conclusions — one of innocence, the other of guilt — the jury should of course adopt the conclusion of innocence."
In particular, Barnes posits that the trial court, in refusing requested charges 2 and 5, failed to make the jury aware that a reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.
We find, upon review of all the evidence and the court's oral charge, that the refusal of each of Barnes's written requested charges was without error.
Rule 14 of the Temporary Alabama Rules of Criminal Procedure provides the standard of review applicable to the refusal of requested written charges:
 "The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in other charges given at the request of the parties."
In pertinent part, the trial court's oral charge reads as follows:
 "Now, something that is evidence and is to be considered by you as such is what y'all have heard me refer to as presumption of innocence, and I told y'all this morning that what that means is that a person in our country does not have to prove that they are innocent. The law says that for them. That presumption goes with everybody unless and until the State proves to you beyond a reasonable doubt and to a moral certainty each and every element necessary to constitute guilt.
 "Now, let's talk about that term reasonable doubt a few minutes. The term reasonable doubt is like a lot of terms in the law that addresses itself to your good common sense and a lot of times, if not almost always, your good common sense definitions of words and phrases are at least as good, if not a whole lot better, than some of these definitions that we lawyers and judges use. But what is that? Reasonable doubt. A reasonable doubt is simply a doubt for which you have a reason, a doubt for which you can assign a reason based on what you heard from this witness stand. Another way of saying it is this: If after considering all the evidence in the case, all of it, part of it or a lack of it, after you consider everything that you heard, you ask yourself this question. Is Mr. Barnes guilty of robbery in the first degree? If the answer that freely and naturally flows back to you is I doubt that he is and if that doubt is based on something that you heard from this witness stand, then in that event the law says that that's the kind of the case that would entitle Mr. Barnes to an acquittal or a finding of not guilty. On the other hand, if after considering all the evidence in the case you ask yourself that same question, is Mr. Barnes guilty of robbery in the first degree, and if the answer that freely and naturally flows back to you is I have no doubt for which I can assign a reason but that he is guilty, then the law says that that's the kind of the case that *Page 1276 
would entitle the State to a conviction or a finding of guilty." (emphasis added)
Requested charges 2 and 5 were correctly refused because they were substantially and fairly covered by the trial court's oral charge. See Lambeth v. State, 380 So.2d 923, 924-25 (Ala. 1979), cert. denied, 380 So.2d 926 (Ala. 1980).
In the Lambeth case, the Alabama Supreme Court held that if the trial court in its oral instructions to the jury discussed the reasonable doubt standard as applied to the evidence in its totality and substantially and fairly covered that standard, the refusal of charges on reasonable doubt arising from "part of the evidence" was not reversible error. 380 So.2d at 924-25.
This court, in the case of Shields v. State, 397 So.2d 184,188 (Ala.Cr.App.), cert. denied, 397 So.2d 189 (Ala. 1981), expanded the scope of the Lambeth decision to embrace the failure to give instructions on reasonable doubt arising from "a want or lack of evidence." We held that if the jury is presented a discussion of the reasonable doubt standard as applied to the evidence in its totality, then the failure to give instructions on reasonable doubt arising from "a want or lack of evidence" is not reversible error. 397 So.2d at 188.
In the case sub judice the trial court specifically charged the jury on the formation of a reasonable doubt "considering all the evidence in the case, all of it, part of it or a lack
of it." (emphasis added) The court, moreover, repeatedly charged the jury, both before the trial began and at the close of the trial, on the defendant's presumption of innocence and the State's burden of proof. Hence, because requested charges 2 and 5 were substantially and fairly covered by the trial court in its oral instructions to the jury, the trial court committed no error by refusing the written charges.
 II
Barnes contends that the evidence was insufficient to support the jury's verdict and the judgment of conviction.
"In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution." Faircloth v. State,471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). Where, moreover, the State establishes a prima facie case, conflicting evidence presents a jury question which is not subject to review on appeal. See Willis v. State,447 So.2d 199, 201 (Ala.Cr.App. 1983).
After examining the evidence and applying the proper standards of review, we find that there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that Barnes was guilty of the crime as charged.
The eyewitness, Jeff Morris, testified that at 12:30 a.m. on September 10, 1988 he was operating his father's Gulf service station and "mini-mart" in rural Autauga County when a man entered the premises. According to Morris, the man walked towards the cooler, retrieved an eight-pack of beer, and walked toward the counter. Morris testified that the man reached the counter, pulled out a pistol from underneath the beer, pointed the pistol at Morris, and told Morris to open the cash register and then go into the men's restroom or else he would be shot. Morris testified that he popped the release button on the cash register and walked to the men's restroom and remained there for several minutes. Morris stated that when he returned from the restroom, the man was gone and all currency had been taken from the cash register drawer.
Morris further testified that two nights before the robbery, this same man had come into the Gulf station and bought a cup of coffee. Morris testified that on both occasions the man was driving a Chevrolet Cavalier or Celebrity automobile with a metallic bluish-grey color.
At trial Morris identified Barnes as the individual who entered the store and robbed him. Morris also testified that when speaking with the deputy who investigated *Page 1277 
the robbery he described the individual who robbed him as a male who stood approximately 5'10" tall and weighed between 150 and 160 pounds. On cross-examination, Barnes attempted to discredit Morris's identification of him as the robber by contending that Barnes was more than 5'10" tall and that Barnes weighed more than 160 pounds.
Jeff Morris's father, John Morris, then testified that approximately $300.00 was taken from the cash register on the morning of the robbery. Larry Hill, rental manager for Action Auto Rentals in Montgomery, testified that on August 24, 1988, he had rented a gray Celebrity automobile to Barnes.
The State clearly presented a prima facie case of first degree robbery. Although Barnes attempted to discredit Jeff Morris's testimony by offering the testimony of Dr. Michael Thomas D'Errico, an expert in the field of eyewitness testimony, the trial judge properly submitted the case to the jury, who believed the State's evidence. This Court is not a trier of fact. The jury has already weighed the credibility of the witnesses and determined the facts.
A careful review of the record reveals no error injuriously affecting the substantial rights of Barnes, and the judgment and conviction are hereby affirmed.
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
AFFIRMED.
All the Judges concur.